J. S21025/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARTHUR A. HELZEL, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1303 WDA 2016 |

Appeal from the Judgment of Sentence March 22, 2016
In the Court of Common Pleas of Cameron County
Criminal Division at No.: CP-12-CR-0000032-2013

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 25, 2017**

Appellant, Arthur A. Helzel, appeals from the Judgment of Sentence entered following a jury trial. Appellant's counsel filed a Petition to Withdraw as Counsel and a Brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), stating that the appeal is wholly frivolous. After careful review, we grant counsel's request to withdraw and affirm Appellant's Judgment of Sentence.

The facts, as gleaned from the certified record, are summarized as follows. In the summer of 2008, Appellant raped his ten-year-old niece at his home in Emporium, Pennsylvania. Appellant rubbed his penis on the

_____

[*]Retired Senior Judge assigned to the Superior Court.

victim's vagina, he placed his penis inside the victim's vagina and moved her up and down for three minutes. He also placed his penis in the victim's mouth, and ejaculated while the victim held his penis in her hand.

When confronted by Pennsylvania State Police Trooper James Yoder, Appellant confessed in a recorded interview after waiving his ***Miranda***[1] rights. Appellant also produced a drawing, "which outlined [Appellant's] hand and depicted the extent of his finger [that] he had inserted into his minor niece's vagina." Trial Court Opinion, 7/26/16, at 4.

The Commonwealth charged Appellant with Rape of a Child, Indecent Assault of a Person less than 13 years of age, and Corruption of a Minor.[2]

Appellant filed a motion seeking to suppress his confession to Trooper Yoder. The trial court denied Appellant's Motion to Suppress.

At trial, the Commonwealth presented the testimony of the victim, the victim's father, and Trooper Yoder. Appellant testified in his own defense, and he denied the crimes, disputed the Commonwealth's allegation that the crimes occurred in the summer of 2008, and claimed that his confession was involuntary and produced under duress.

Following a jury trial, the jury convicted Appellant of the above offenses. On March 22, 2016, the trial court sentenced Appellant to an

---

[1] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

[2] 18 Pa.C.S. § 3121(c); 18 Pa.C.S. § 3126(a)(7); and 18 Pa.C.S. § 6301(a)(1).

aggregate term of 12½ to 25 years' incarceration. Appellant filed a timely Post-Sentence Motion, which the trial court denied on July 26, 2016.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On January 5, 2017, counsel for Appellant filed an **Anders** Brief and a Petition to Withdraw as Counsel. He also filed a copy of a letter addressed to Appellant informing Appellant of counsel's Petition to Withdraw and his right to retain new counsel or proceed *pro se*. Appellant did not file a response.

In his **Anders** Brief, counsel raises the following issues on Appellant's behalf:

> 1. [Whether] the evidence was sufficient to sustain the verdict[?]
>
> 2. [Whether] the verdict was [] against the weight of the evidence[?]
>
> 3. [Whether] the trial court [] err[ed] in denying a new trial based on a juror alleged to be sleeping during the trial[?]
>
> 4. [Whether] the trial court [] err[ed] in failing to grant the Appellant's Motion to Suppress his statements to law enforcement[?]
>
> 5. [Whether] the trial court [] enter[ed] an excessively harsh sentence[?]

**Anders** Brief at 10, 13, 16, 17 (capitalization omitted).

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in **Anders** and its progeny. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super.

2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that there are no meritorious issues to be raised on appeal. ***Commonwealth v. Wright***, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the ***Anders*** Brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel. ***Id***. ***See also Commonwealth v. Millisock***, 873 A.2d 748 (Pa. Super. 2005).

The substance of the ***Anders*** Brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." ***Santiago***, 978 A.2d at 361.

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. ***See Goodwin***, ***supra*** at 291; ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015).

Counsel in the instant appeal has complied with the above requirements. We thus proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

In his first issue, Appellant avers that the evidence is insufficient to sustain his convictions. *Anders* Brief at 10-13.

We review challenges to the sufficiency of the evidence by considering whether, "viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Melvin*, 103 A.3d 1, 39 (Pa. Super. 2014). The trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. *Id*. at 40. Moreover, the trier of fact may base a conviction solely on circumstantial evidence. *Id*. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for that of the fact-finder. *Id*.

Section 3121 of the Crimes Code defines Rape of a Child, in relevant part, as follows:

**§ 3121. Rape**

\* \* \*

**(c) Rape of a child.--**A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S. § 3121(c).

Section 3126 of the Crimes Code defines Indecent Assault, in relevant part, as follows:

**§ 3126. Indecent assault**

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

\*   \*   \*

(7) the complainant is less than 13 years of age[.]

18 Pa.C.S. § 3126(a)(7).

Section 6301 of the Crimes Code defines Corruption of Minors, in relevant part, as follows:

**§ 6301. Corruption of minors**

**(a) Offense defined.--**

(1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S. § 6301.

"Actions that tend to corrupt the morals of a minor are those that would offend the common sense of the community and the sense of decency, propriety[,] and morality which most people entertain." *Commonwealth v. Snyder*, 870 A.2d 336, 351 (Pa. Super. 2005) (citing *Commonwealth v. DeWalt*, 752 A.2d 915, 918 (Pa. Super. 2000)). Thus, the scope of the corruption statute is extremely broad, encompassing conduct that far exceeds that which is proscribed by Chapter 31 of Title 18. 18 Pa.C.S. § 6301(a)(1)(i). The corruption statute also provides a distinct offense and a separate penalty for sexual offenses committed against children. 18 Pa.C.S. § 6301(a)(1)(ii).

The trial court addressed Appellant's sufficiency challenge as follows:

The evidence presented in this case included testimony of Commonwealth witnesses [J.B.], the father of the minor victim, B.B., born November 28, 1997, the minor victim herself, and Trooper James Yoder of the Pennsylvania State Police. Testifying on behalf of the defendant were Ronald Armstrong and [Appellant] himself. In addition, physical evidence was introduced, including a waiver of [Appellant's] *Miranda* rights signed by [Appellant] on April 22, 2013, a CDR recording of that interview[,] and a drawing produced by the 6'7" [Appellant] ("Uncle Artie")[,] which outlined his hand and depicted the extent of his finger [that] he had inserted into his minor niece's vagina.

While counsel were directed in the April 7, 2016 [O]rder scheduling the June 21, 2016 hearing to provide the Court with designations of the transcript portions[,] which they contended either supported or discredited the issues raised, [Appellant's] counsel merely argued in essence that the jury should have believed the testimony of the defense witnesses over that of the Commonwealth's witnesses. The Commonwealth on the other hand provided direction to that portion of the transcript [that] was relevant to the weight and sufficiency issues. That included

specific evidence of the victim's age[,] and evidence presented as to the time frame of the incident occurring in the summer of 2008. The jury was also able to consider a contradictory date provided by [J.B.] to Trooper Yoder. The victim, B.B., testified with some particularity regarding the incident[,] which resulted in the filing of the criminal charges, including the elements required to sustain a conviction of [R]ape of a [C]hild, [I]ndecent [A]ssault, and [C]orruption of [M]inors. Moreover, Trooper Yoder testified to the statements provided by [Appellant] during the April 22, 2013 interview conducted at the Pennsylvania State Police barracks in Emporium, Pennsylvania, and the [recording] of that interview was introduced as evidence.

[Appellant's] contention that the testimony of Ronald Armstrong and [Appellant] was more compelling and should have supplanted that of the Commonwealth's evidence in the minds of the jury does not suffice whatsoever. When the evidence admitted at trial is viewed in the light most favorable to the Commonwealth, the record includes sufficient evidence that enabled the jury to find every element of the crimes for which [Appellant] was convicted beyond a reasonable doubt.

There is no basis to determine as a matter of law that the prosecution evidence was so enfeebled or fantastic that no probability of fact could have been drawn by the jury from the evidence. To the contrary, each material element of the crimes charged and the commission of those crimes by [Appellant] were established beyond a reasonable doubt …[.] Obviously, the jury had the ability to view the demeanor and countenance of Armstrong and [Appellant] just as they had all Commonwealth witnesses and to make credibility determinations accordingly.

Trial Court Opinion, 7/26/16, at 4-5 (citations omitted). We agree with the trial court's assessment.

Viewing the totality of the evidence in the light most favorable to the Commonwealth as the verdict winner, it is clear that the Commonwealth proved each element of the offenses. Appellant's sufficiency challenge, thus, fails.

In his second issue, Appellant avers that the jury's verdict was against the weight of the evidence. *Anders* Brief at 13-16.

When considering challenges to the weight of the evidence, we apply the following precepts:

> The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of witnesses.
>
> Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Talbert*, 129 A.3d 536, 545-46 (Pa. Super. 2015), *appeal denied*, 138 A.3d 4 (Pa. 2016) (quotation marks and citations omitted).

Resolving contradictory testimony and questions of credibility are matters for the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). Further, "[i]n order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks the conscience of the court." *Talbert, supra* at 546 (quotation marks and citation omitted). It is well-

settled that we cannot substitute our judgment for that of the trier of fact.
*Id*.

In addition to the substantial description of the evidence set forth above, the trial court addressed Appellant's weight of the evidence challenge as follows:

> The jury's guilty verdicts in this case were not astonishing or fanciful and no sense of justice was outraged. Neither did Lady Justice totter from her perch nor did the [c]ourt experience any interruptions in respirations when the verdict was announced. Instead, the verdict was amply supported by relevant and competent evidence of adequate weight.
>
> * * *
>
> [Appellant's] contentions that the sufficiency and weight of the evidence were inadequate are untenable and [Appellant's] claims for relief founded on the weight and sufficiency issues are denied.

Trial Court Opinion, 7/26/16, at 3-5 (citation omitted). We agree with the trial court's assessment.

Appellant essentially asks us to reassess the credibility of the victim and reweigh the testimony and evidence presented at trial. *Anders* Brief at 15-16. We cannot and will not do so. The jury found credible the victim's testimony, which was corroborated by Appellant's confession and other testimony. Thus, the verdict was not so contrary to the evidence as to shock the court's conscience, and the trial court properly denied Appellant's weight of the evidence claim.

In his third issue, Appellant avers that the trial court should have granted him a new trial because of a "sleeping juror." *Anders* Brief at 16.

Before addressing the merits of Appellant's claim, we must address whether Appellant has waived this issue. It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010) (holding that "a Rule 1925(b) statement is not a substitute for the contemporaneous objection required at trial.").

The trial court thoroughly examined Appellant's challenge as follows:

[Appellant claims] that he was denied due process because "members of the jury were asleep throughout significant portions of the trial, affecting the deliberation and the outcome of the case." The record is bereft of any reference to any juror being asleep. Certainly the timeline of the trial itself reveals that it was not overtaxing. The trial commenced with opening instructions to the jury at approximately 9:15 a.m. At the close of the Commonwealth's evidence at 10:40 a.m., an approximate forty minute recess was taken, after which evidence was presented on behalf of [Appellant], who rested his case at about 12:20 p.m. After some ten minutes of Commonwealth rebuttal evidence, the noon recess was taken from approximately 12:30 p.m. until 1:45 p.m. The closing arguments for counsel and the [c]ourt's points for charge were provided from about 1:45 p.m. until 2:55 p.m. when the jury began its deliberations, resulting in the jury returning its verdicts of guilty on all three counts at about 3:35 p.m.

Not only is the record devoid of any indication of any juror being [i]nattentive or asleep, but the only evidence presented on the issue on June 21, 2016, was the equivocal testimony of [Appellant]. He identified Juror No. 1 as an older gentleman who he observed nodding off "a couple" or "several times, more towards the afternoon than morning. [Appellant] recalled seeing Juror No. 1 with his head down and Juror No. 2 nudge him once. However, [Appellant] was unsure whether he had ever brought

- 11 -

the issue of Juror No. 1 nodding off to the attention of his attorney, twice indicating he believed he may have done so, but was not sure. In any event, as recited hereinabove, there is nothing in the record that indicates that defense counsel or any other court personnel communicated any issue regarding any juror's inattentiveness. [Appellant's] self-serving testimony is all that has been presented to the [c]ourt and this testimony was not corroborated by any other trial observer, including, but not limited to trial counsel. The absolute dearth of any competent and credible testimony to support [Appellant's] contention that a juror was sleeping during any salient portion of the trial is completely without merit.

Trial Court Opinion, 7/26/16, at 6 (citation omitted).

Because Appellant raised this issue for the first time in his Rule 1925(b) Statement, it is waived. *See Ali*, *supra* at 293. Appellant is, thus, not entitled to relief.[3]

In his fourth issue, Appellant contends that the trial court erred in denying his Motion to Suppress because the Commonwealth failed to establish that he voluntarily and knowingly waived his *Miranda* rights and his confession was coerced. *Anders* Brief at 16-17. We disagree.

When reviewing the denial of a suppression motion, we are limited to determining whether the record supports the suppression court's factual findings and, assuming there is support in the record, we are bound by those facts and may reverse only if the legal conclusions drawn from those facts are erroneous. *Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010).

---

[3] Even if Appellant had not waived this issue, he would not be entitled to relief. *See Commonwealth v. Lawson*, 762 A.2d 753, 757-58 (Pa. Super. 2000) (collecting persuasive cases and applying them in the context of a PCRA ineffectiveness claim).

> If the suppression court held for the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Zook*, 851 A.2d 178, 180-81 (Pa. Super. 2004) (citation omitted).

"The determination of whether a confession is voluntary is a conclusion of law, and as such, is subject to plenary review." *Commonwealth v. Roberts*, 969 A.2d 594, 599 (Pa. Super. 2009). In evaluating the voluntariness of a confession, this Court looks at the totality of the circumstances to determine whether, because of police conduct, the defendant's "will has been overborne and his capacity for self-determination critically impaired." *Id.* at 598-99 (citations omitted). When reviewing voluntariness pursuant to the totality of the circumstances, this Court considers the following factors: "the duration and means of the interrogation; the physical and psychological state of the accused; the conditions attendant to the detention; the attitude of the interrogator; and any and all other factors that could drain a person's ability to withstand coercion." *Id.* at 599 (citation omitted).

Here, in its Opinion and Order dated November 19, 2013, the trial court ably addressed Appellant's Motion to Suppress as follows:

> Here, the record demonstrates that [Appellant] was by no means deprived of his powers of resistance to suggestion and coercion

and that his waiver of his constitutional rights was a knowing, voluntary, and intelligent waiver. [Appellant] had not been placed under arrest, had not been subjected to any lengthy questioning, had been duly advised of his *Miranda* rights, and did not evidence any lack of understanding. Moreover, at no point did [Appellant] ask for an attorney, seek clarification, give any indication that he was confused or ask to end the questioning.

While [Appellant] asserts that his confession was involuntary in that he was tired and had consumed alcohol, the fact that the [Appellant] had been drinking before his interview does not automatically render his statements inadmissible.

\* \* \*

Despite [Appellant's] assertion that his ability to comprehend was compromised on April 22, 2013, because of his lack of sleep, drinking two shots of whiskey[,] or taking over-the-counter pain medicine, the circumstances demonstrated otherwise. Trooper Yoder testified that at the time of the April 22, 2013 interview, [Appellant] did not appear to be intoxicated or under the influence of alcohol or drugs. The trooper did not smell any alcohol and [Appellant] appeared alert and coherent. Moreover, [Appellant] evidenced no difficulty in reading or understanding the waiver and indicated to Trooper Yoder that he had completed the 10th grade, had subsequently obtained an [G]ED, and worked as a shift supervisor. ***See [Commonwealth] v. Edwards***, 555 A.2d 818 (Pa. 1989) (defendant's confession was voluntary, even though he had been drinking prior to his arrest, because evidence demonstrated that the defendant was alert and aware when he confessed).

Having been adequately apprised of his *Miranda* rights and having waived those rights, [Appellant's] subsequent statements are admissible and not subject to suppression. As [Appellant's] incriminating statements were the product of a voluntary, knowing, and intelligent waiver of his constitutional rights, [Appellant's] statements shall not be suppressed.

Trial Court Opinion, 11/19/13, at 4 (some citations and quotation marks omitted). We agree with the trial court's analysis.

The record supports the suppression court's factual findings and legal conclusions. Therefore, we affirm.

In his fifth issue, Appellant challenges the discretionary aspects of his sentence. Appellant must properly invoke this Court's jurisdiction in order to seek review on the merits. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). Rather, Appellant must first meet his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:

> (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

***Id.*** (quoting ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, Appellant met the first two elements by filing a timely Notice of Appeal, and properly preserving the issue in a Post-Sentence Motion to modify his sentence. Although the ***Anders*** Brief does not include a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"), we may review this issue notwithstanding the absence of a Rule 2119(f) Statement. ***See***

***Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa. Super. 2009) (addressing discretionary sentence issue despite absence of Rule 2119(f) Statement in light of ***Anders***, which "requires review of issues otherwise waived on appeal" (citation omitted)).

Accordingly, we next determine whether Appellant's claims present a "substantial question" for review. An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). This Court has no jurisdiction where an Appellant fails to raise "a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." ***Commonwealth v. Coulverson***, 34 A.3d 135, 142 (Pa. Super. 2011) (citations omitted).

In the instant case, although Appellant recognizes that his sentence of 12½ to 25 years' incarceration for Rape of a Child is within the minimum guideline range, he avers that his sentence was unreasonable and excessive.[4] ***Anders*** Brief at 17-19. None of Appellant's contentions sets

---

[4] Appellant also acknowledges that his conviction for Indecent Assault of a Person less than 13 years of age merged with Rape of a Child, and his concurrent sentence of 9 months to 5 years' incarceration for Corruption of a Minor "is within the minimum guideline range. ***Id.*** at 18-19.

forth a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Crump, supra*** at 1282.

It is clear from our precedent that Appellant has failed to raise a substantial question as to his sentence, and therefore failed to invoke the jurisdiction of this Court. ***See, e.g., Commonwealth v. Coolbaugh***, 770 A.2d 788, 792-93 (Pa. Super. 2001) (finding no substantial question raised by a claim that a probation revocation sentence was manifestly excessive where sentence was within statutory guidelines and within sentencing guidelines); ***Commonwealth v. Coss***, 695 A.2d 831, 833-34 (Pa. Super. 1997) (holding that, when the sentence imposed falls within the statutory recommendation, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question). Therefore, we affirm Appellant's Judgment of Sentence.

Accordingly, in light of the above and our further independent review of the record, we conclude that there are no meritorious issues to be raised on appeal, and the Judgment of Sentence should be affirmed.

Judgment of Sentence affirmed. Counsel's Petition to Withdraw granted.

J. S21025/17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/25/2017