428 A.2d 223

**COMMONWEALTH of Pennsylvania,**

**v.**

**John THOMPSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Filed April 3, 1981.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

Appellant, John Thompson, was charged with unlawful possession of a small amount of marijuana and distribution of a small amount of marijuana but not for sale. 35 P.S. § 780–113(a)(16), (31). The charges arose from an incident which occurred on February 26, 1978 at the State Correctional Institution at Graterford, where appellant was then incarcerated.

On July 17, 1978, appellant was convicted, after a jury trial, of possession of a small amount of marijuana. On September 20, 1978, he was sentenced to 15 to 30 days incarceration, said sentence to commence at the expiration of any being served.

---

* President Judge John Q. Stranahan, of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge Leonard Sugerman of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

There are two issues presented in this appeal. Appellant contends that "the verdict was against the evidence" and the prosecutor made improper remarks during closing argument. Each will be considered in turn.

SUFFICIENCY OF THE EVIDENCE

In *Commonwealth v. Madison*, 263 Pa.Super. 206, 209–210, 397 A.2d 818, 820 (1979), the court reiterated the standard employed in reviewing the sufficiency of the evidence. The court stated:

First, we accept as true all the evidence upon which the finder of fact could properly have reached its verdict. Next, we give the Commonwealth the benefit of all reasonable inferences arising from that evidence, and finally, we ask whether the evidence, and the inferences arising from it, are sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted. 263 Pa.Super. 206, 397 A.2d at 820. (citations omitted)

In narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband. *Commonwealth v. Harris*, 263 Pa.Super. 110, 397 A.2d 424 (1979). Proof of constructive or joint constructive possession of dangerous drugs requires evidence that the defendant, or in joint constructive possession cases, the defendant and others, had both power to control and the intent to exercise control over the narcotics. A necessary pre-requisite of intent to control is proof that he had knowledge of the existence and location of the narcotics. *Commonwealth v. Griffin*, 230 Pa.Super. 425, 326 A.2d 554 (1974). While a defendant's mere presence among a group of people, all of whom have equal access to the contraband is not alone, persuasive evidence of constructive possession, the requisite knowledge and intent may be inferred from examination of the totality of the circumstances surrounding the case. *Commonwealth v. Cash*, 240 Pa.Super. 123, 367 A.2d 726 (1976). *Commonwealth v. Hannan*, 229 Pa.Super. 540, 331 A.2d 503 (1974). Location of the contraband in an area usually accessible only

to the defendant may lead to the inference that he placed it there or knew of its presence if others did so. *Commonwealth v. Ferguson*, 231 Pa.Super. 327, 331 A.2d 856 (1974); *Commonwealth v. Cash*, supra.

■ Evaluation of these factors in the instant case leads us to the conclusion that the evidence was sufficient to sustain the verdict.

The evidence indicates that on February 26, 1978, Sergeant Robert Glace, a corrections officer at the State Correctional Institution at Graterford observed appellant, John Thompson, along with two other inmates, inside appellant's cell. John Thompson and one of the other inmates possessed small packets containing a brown grassy substance. Sergeant Glace noticed a larger clear bag containing a similar substance laying, in plain view, on appellant's bunk. The Sergeant secured the cell and sought assistance from other officers. The officers searched the cell and three inmates. They recovered several packets of marijuana from one of the inmates. A larger, clear bag also containing marijuana was found hidden, wedged into the cross-piece of a table near appellant's bunk. No marijuana was actually recovered from appellant at the time of the search.

■ Appellant contends that Commonwealth has failed to establish either actual or constructive possession of marijuana on his part. He maintains that the evidence shows only his presence at the scene.[1] Appellant's position is not consistent with the evidence and reasonable inferences drawn therefrom.

1. Appellant also points to the testimony of another inmate who stated that he owned the marijuana and brought it to appellant's cell and secreted it without his knowledge. Appellant also so testified. This goes to the weight of the evidence rather than sufficiency. The jury chose to reject this testimony, as was its prerogative. *Commonwealth v. Banahasky*, 250 Pa.Super. 495, 378 A.2d 1257 (1977). Absent evidence that the jury's decision was manifestly erroneous, its determination will not be disturbed on appellate review. *Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972). There is no evidence present indicating the jury's decision was manifestly erroneous.

Appellant and two other inmates were observed in his cell. Appellant and one of the others were in possession of packets containing a brown, grass substance. A larger, clear bag, containing a similar substance was in plain view on appellant's bunk. It may reasonably be inferred that this was the bag recovered from under the table. Thus, appellant clearly knew of the contraband's presence. During Sergeant Glace's absence, the larger bag had been moved from the bunk and concealed. The finder of fact could properly have inferred from the jail cell situs, that the drugs could not have been moved and concealed without appellant's knowledge and consent. The drugs were hidden in a location to which appellant, in the future, would have private access. The search of the three inmates revealed that appellant had no marijuana on his person. However, a second inmate possessed several packets of marijuana. If the larger bag belonged to the second inmate, the jury could reasonably infer that he would have retained it along with the other packets. Finally, appellant was initially observed handling the smaller packets buttressing the inference that he was not simply present at the location of the contraband.

In summary, the evidence and reasonable inference drawn therefrom, indicate that appellant knew of the existence of the marijuana, concealed it or was aware of its concealment in a place to which he would have future private access. The ability to exercise control and the intent to do so are thus present, establishing constructive or joint constructive possession of the marijuana. See *Commonwealth v. Samuels*, 235 Pa.Super. 192, 340 A.2d 880 (1975).

## PROSECUTORIAL MISCONDUCT

The prosecutor, in his closing argument, referred to appellant's cell on the day in question as the "A-block marijuana store." Defense counsel objected to the remark and was overruled by the trial court. Appellant now claims that the word "store" intimates that sales were being conducted in his cell, when he was charged with possession and distribution of marijuana, but not for sale. He maintains that the trial court's failure to sustain the objection and deliver a

cautionary instruction to the jury mandates award of a new trial. It should be noted that defense counsel did not seek a cautionary instruction or move for a mistrial.

▮▮▮ Assuming arguendo that the prosecutor's remarks were inappropriate, the award of a new trial is not warranted. In *Commonwealth v. Joyner*, 469 Pa. 333, 365 A.2d 1233 (1976) the Supreme Court noted that not every unwise or unwarranted remark made by counsel requires the award of a new trial. As the court further stated in *Commonwealth v. Goosby*, 450 Pa. 609, 611, 301 A.2d 673, 674 (1973):

> A new trial is required when the remark is prejudicial, that is, when it is of such a nature or substance or delivered in such a manner that it may reasonably be said to have deprived the defendant of a fair and impartial trial.

The effect of such a remark must be evaluated in the context in which it occurred. *Commonwealth v. Stoltzfus*, 462 Pa. 43, 337 A.2d 873 (1975). Before a new trial is granted, the language must be such that its

> (U)navoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence and render a true verdict. *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968), cited in *Commonwealth v. Loar*, 264 Pa.Super. 398 at 406, 399 A.2d 1110 at 1114 (1979).

In this case, although the prosecutor's remarks were ill-chosen, they were not so prejudicial as to require award of a new trial.

▮ Additionally, it should be noted that counsel did not request additional relief when his objection was overruled. Appellant may not now complain of prejudice. *Commonwealth v. Weakland*, 267 Pa.Super. 66, 405 A.2d 1305 (1979) (panel). *Commonwealth v. Brown*, 467 Pa. 512, 359 A.2d 393 (1976).

Judgment of sentence affirmed.

SPAETH, J., concurred in the result.