J-S01014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KHALIL J. MADISON, | : | |
| | : | |
| Appellant | : | No. 3264 EDA 2014 |

Appeal from the Judgment of Sentence October 10, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0007307-2012

BEFORE: GANTMAN, P.J., MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:             **FILED JANUARY 28, 2016**

Khalil J. Madison ("Madison") appeals from the judgment of sentence imposed following his convictions of possession of a controlled substance, possession with intent to deliver a controlled substance ("PWID"), and possession of drug paraphernalia.[1] We affirm.

The trial court set forth the underlying relevant facts as follows:

> At trial, Philadelphia Police Officers Gary Francis [("Francis")] and Bradford Mitchell [("Mitchell")] testified credibly that on April 17, 2012, and again on April 24, 2012, they observed [Madison] involved in illegal drug transactions with their confidential informant. On each occasion, [] Francis and Mitchell met with the confidential informant, [and] searched him for drugs, money and contraband. Both times the search was negative. The informant was given prerecorded buy money and proceeded to 5626 Bloyd Street with Mitchell, while [] Francis set up surveillance. Before each transaction, [Madison] would leave 5626 Bloyd Street and return to that residence after each transaction. When [Madison] left the property, [] Francis radioed [] Mitchell with a description of [Madison] and his direction of travel.

---
[1] 35 P.S. § 780-113(a)(16), (30), (32).

Specifically[,] [] Mitchell testified that on April 17, 2012, he observed [Madison] and the informant meet on the 5600 [] block of Bloyd Street. [] Mitchell watched the informant approach and hand money to [Madison], who, in return[,] passed objects to the informant. [] Mitchell testified that he observed the informant the entire time, and met up with him after the exchange, at which time the informant turned over four clear packets, each containing crack cocaine. The informant was again searched for any drugs or money, which proved negative.

On April 24, 2012, Officers Francis and Mitchell, along with the same confidential informant[,] followed the identical procedure in again setting up surveillance of [Madison]. On that date, two green tinted packets of crack cocaine were recovered from the transaction between [Madison] and the informant.

On April 25, 2012, [] Francis and Mitchell returned to 5626 Bloyd Street to execute a search warrant for that location, at which time [Madison] was arrested in the second floor front bedroom. A key[,] which fit the front door of 5626 Bloyd Street[,] was recovered from [Madison's] person. In the same bedroom[,] $394 was recovered from the floor. Lying on top of the bed were five clear and two green tinted packets of crack cocaine, along with a TD bank card in [Madion's] name. A loaded .357 revolver was found under the mattress in that room. Inside the pocket of a suit found in the closet was a clear packet with green and red markings on it[,] and inside that clear packet was a chunk of approximately 1.7 grams of alleged crack cocaine. There was a knotted clear bag, which had approximately 5.3 grams of crack cocaine. Thousands of new and unused packaging paraphernalia, some the colors consistent with the packaging of the crack cocaine that [the informant] had purchased from [Madison], were found in the top of a dresser located in that same bedroom.

Trial Court Opinion, 2/26/15, at 2 (internal citations omitted).

After a bench trial, the trial court found Madison guilty of the above-mentioned crimes based upon the drugs and paraphernalia found at 5626 Bloyd Street. The trial court sentenced Madison to two to four years in

prison, followed by three years of probation. Madison filed a timely Notice of Appeal and a timely court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement of Matters Complained of on Appeal.

On appeal, Madison raises the following question for our review: "Was the evidence [insufficient] to support [Madison's] conviction[s] of [PWID], possession of a controlled substance[,] and possession of drug paraphernalia?" Brief for Appellant at 3 (capitalization omitted).

Madison argues that the evidence was insufficient to support his convictions. *Id.* at 8. He asserts that neither Francis nor Mitchell viewed any transaction between Madison and the informant. *Id.* at 8, 9. Madison also argues that although he was in the room with the illegal substances, he did not have any drugs or money on him, but only had in his possession a key to the front door of 5626 Bloyd Street. *Id.* at 8. Madison additionally contends that the recorded buy money was never recovered. *Id.* at 9. Further, Madison asserts that he did not have the power to control the substances found in the bedroom, as there was no mail, bills, or lease in his name retrieved from the house. *Id.* at 10, 11. Madison claims that the only evidence tying him to the illegal drugs and paraphernalia was a TD bank card on the bed where the drugs were retrieved, which could have fallen out of his pocket. *Id.*

We apply the following standard of review when considering a challenge to the sufficiency of the evidence:

The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced[,] is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation

omitted).

The crimes at issue are defined as follows:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\*\*\*

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

\*\*\*

(30)    Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a

controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

\*\*\*

(32)  The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

35 P.S. § 780-113(a)(16), (30), (32).

"In narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband." ***Commonwealth v. Thompson***, 428 A.2d 223, 224 (Pa. Super. 1981) (citation omitted).  "Proof of constructive or joint constructive possession of dangerous drugs requires evidence that the defendant, or in joint constructive possession cases, the defendant and others, had both power to control and the intent to exercise control over the narcotics." ***Id.*** "An intent to maintain a conscious dominion may be inferred from the totality of the circumstances, and circumstantial evidence may be used to establish a defendant's possession of drugs or contraband." ***Commonwealth v. Harvard***, 64 A.3d 690, 699 (Pa. Super. 2013) (citation omitted).

Here, both Francis and Mitchell testified that they had observed transactions on two separate occasions between Madison and a confidential informant, from which illegal drugs were recovered. N.T., 8/5/15, at 6-14, 22-25. Francis testified that Madison was seen entering and exiting 5626 Bloyd Street before and after each transaction. *Id.* at 7-11. Further, following the execution of a search warrant, Madison was arrested at 5626 Bloyd Street and was found in the same room as $394, packets of crack cocaine, a revolver, a TD bank card with Madison's name on it, a knotted clear bag containing crack cocaine, and thousands of unused packaging materials with colors consistent with the packaging purchased by the confidential informant. *Id.* at 11-13, 25-26. Francis also testified that a key to the front door of 5626 Bloyd Street was found on Madison's person. *Id.* at 12.

The trial court, sitting as fact-finder, found the testimony of Francis and Mitchell to be credible. *See* Trial Court Opinion, 2/26/15, at 2; *see also Commonwealth v. Smith*, 97 A.3d 782, 788 (Pa. Super. 2014) (stating that the trial court was free to believe all, part or none of the evidence presented at trial, and to reject the testimony of those witnesses it determined were not credible). Here, the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, demonstrated that Madison intended to exercise control over the drugs and paraphernalia at 5626 Bloyd Street. *See Commonwealth v. Gutierrez*, 969 A.2d 584, 590

(Pa. Super. 2009) (determining that circumstantial evidence of the defendant's receipt of mail to the residence, having the keys to the residence, and allowing police to enter, was sufficient to establish the defendant's ability and intent to control an illegal gun and drug paraphernalia); **see also Commonwealth v. Estepp**, 17 A.3d 939, 944 (Pa. Super. 2011) (stating that where a defendant possessed a key to the front door of a residence, his personal identification listed the residence as his address, and he was registered to vote there, it was reasonable to infer the defendant exercised control over illegal drugs under his bed). Accordingly, we conclude that there was sufficient evidence for the trial court to find, beyond a reasonable doubt, that Madison intended to deliver a controlled substance, and that he possessed a controlled substance and drug paraphernalia. **See, e.g., Commonwealth v. Ratsamy**, 934 A.2d 1233, 1237-38 (Pa. 2007) (noting that factors to consider when determining whether a defendant intended to deliver a controlled substance include, *inter alia*, the manner in which the substance was packaged, the presence of drug paraphernalia, large sums of cash found in the defendant's possession, the defendant's possession of a gun, the defendant's interactions during a narcotics surveillance, and unused packaging).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/2016