J. A04004/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
             :      PENNSYLVANIA
      v.      :
             :
DEWANE B. JOLLY,      :    No. 61 WDA 2015
             :
     Appellant  :


Appeal from the Judgment of Sentence, September 5, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0016851-2013


BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND SHOGAN, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:   **FILED AUGUST 23, 2016**

Dewane B. Jolly appeals the judgment of sentence in which the Court of Common Pleas of Allegheny County sentenced him to serve a term of three to six years' imprisonment followed by four years' probation for possession of a firearm prohibited.[1]  He was also sentenced to serve five years' probation for possession of a firearm with the manufacturer number altered and five years' probation for firearms not to be carried without a license.[2]  The three probation sentences were concurrent with one another and consecutive to the imprisonment.  Appellant received a determination of guilty without further penalty for driving without a license,

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] 18 Pa.C.S.A. § 6110.2(a) and 18 Pa.C.S.A. § 6106(a)(1), respectively.

driving while his operating privilege was suspended or revoked, failing to stop at a stop sign, and failing to stop at a red light.[3]

On November 4, 2013, Detective Daniel Zeltner ("Detective Zeltner") of the City of Pittsburgh Police Department was working with two other plainclothes police officers in an unmarked Chevrolet Impala. Detective Zeltner observed a maroon Lincoln ("Vehicle") traveling at a high rate of speed on Paulsen Avenue. Officer Andrew Miller ("Officer Miller") was driving the Impala. The police car followed the Vehicle and observed that it failed to stop for a stop sign and then failed to stop at a red light at Lincoln Avenue and Lemington Avenue. The lights and sirens for the Impala were activated, and the Vehicle pulled over to the right to Lincoln and Lore Way at approximately 3:48 p.m. After the Vehicle pulled over, the passenger door opened, and the passenger, John Richardson[4] ("Richardson"), fled the vehicle. (Notes of testimony, 6/30/14 at 10-13.) The third officer in the unmarked car, Detective Disanti, caught Richardson, and Detective Zeltner handcuffed him. (**Id.** at 13.) Detective Zeltner determined that appellant's driver's license was suspended. Officer Miller found a gun in the Vehicle. When questioned about the gun, appellant told the officers that he was not aware that it was there. The gun was a

---

[3] 75 Pa.C.S.A. § 1501(a), 75 Pa.C.S.A. § 1543(a), 75 Pa.C.S.A. § 3323(b), and 75 Pa.C.S.A. § 3112(a)(3)(i), respectively.

[4] Richardson was tried at the same time as appellant.

.45 caliber semi-automatic pistol. Someone had attempted to scratch out or obliterate the serial numbers, but they were still visible. (*Id.* at 15-16, 23.) Appellant told Detective Zeltner that he was a jitney[5] driver and Richardson was a jitney passenger who fled because he had an outstanding warrant for his arrest. It turned out that Richardson did not have a warrant. Richardson also proclaimed that he had no knowledge about the firearm. (*Id.* at 17.)

Once back-up arrived, Officer Miller walked around to the open passenger side front door and observed the loaded firearm in plain view. (*Id.* at 28, 36.) It was "[l]eaning up against the center console on the front passenger side floor with the magazine facing the ceiling and barrel facing the rear of the vehicle." (*Id.* at 28.)

During a non-jury trial, the parties stipulated that appellant had a previous conviction for robbery of a motor vehicle. The parties also stipulated that, based on DNA testing, appellant was excluded as a contributor to the DNA found on the trigger, trigger guard, and slider of the firearm. The DNA testing was inconclusive as to Richardson. (*Id.* at 8-9.) The trial court convicted appellant and sentenced him.[6] Richardson was found guilty of the firearms charges and escape. With respect to appellant, the trial court reasoned:

---

[5] A jitney is an unlicensed taxi service.

[6] The trial court acquitted appellant of the charge of receiving stolen property. 18 Pa.C.S.A. § 3925(a).

Neither of the Officers who testified at the time of trial saw either Jolly or Richardson with the firearm and, accordingly, the Commonwealth's case was predicated upon the theory of constructive possession. . . . In taking a pragmatic approach to the review of the record in this case, it is clear that based on the totality of circumstances, the Commonwealth had established constructive possession of the firearm by [appellant] despite the DNA tests which excluded him as a contributor.

Jolly was operating as a jitney driver in a high crime area and his passenger had recently been beat [sic] up in an attempted robbery attempt. The passenger fled from the vehicle which he knew possessed a firearm since it was opening [sic] visible to anyone who looked in the car and his explanation for his flight was the fact that he believed that there was an outstanding warrant for his arrest. Although [appellant] allowed the Officers to conduct a pat down search on him and a search of the vehicle, this did not disprove his possession of the firearm. The firearm was placed in a unique possession [sic] in that it was upside down with the barrel pointing toward the rear of the car and it was noted that Richardson was right-handed which would have made it difficult for him to place the gun in that position prior to him running from the vehicle. It was also noted that the gun was visible to everyone who approached that particular car from both the driver's side and the passenger's seat side. It is clear that [appellant] had the ability to control the firearm, as he was aware of its existence since the firearm was visible to everyone. In light of the totality of the circumstances, it is clear that the Commonwealth put forward more than sufficient evidence to establish beyond a reasonable doubt its theory of constructive possession.

Trial court opinion, 6/2/15 at 7-9.

Appellant raises the following issue for this court's review: "Whether the evidence was insufficient to convict [appellant] at Counts 1, 2, and 4

because the Commonwealth failed to prove, beyond a reasonable doubt, that [appellant] possessed the firearm?" (Appellant's brief at 5 (capitalization omitted).)

With respect to the sufficiency of the evidence, we observe:

> In reviewing the sufficiency of the evidence, we view all the evidence admitted at trial in the light most favorable to the Commonwealth, as verdict winner, to determine whether there is sufficient evidence to enable the factfinder to find every element of the crime established beyond a reasonable doubt. **Commonwealth v. Thomas**, 867 A.2d 594 (Pa.Super. 2005). "This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." **Id.** at 597. And while a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty. **Id.** quoting **Commonwealth v. Coon**, 695 A.2d 794, 797 (Pa.Super. 1997). This Court is not free to substitute its judgment for that of the fact-finder; if the record contains support for the convictions they may not be disturbed. **Id.** citing **Commonwealth v. Marks**, 704 A.2d 1095, 1098 (Pa.Super. 1997) and **Commonwealth v. Mudrick**, 510 Pa. 305, 308, 507 A.2d 1212, 1213 (1986). Lastly, the factfinder is free to believe some, all, or none of the evidence. **Id.**

**Commonwealth v. Hartle**, 894 A.2d 800, 803-804 (Pa.Super. 2006).

With respect to constructive possession, this court has held:

> When contraband is not found on the defendant's person, the Commonwealth must establish "constructive possession," that is, the power to control the contraband and the intent to exercise that control. **Commonwealth v. Valette**, 531 Pa. 384, 613 A.2d 548 (1992). The fact that

> another person may also have control and access does not eliminate the defendant's constructive possession. . . As with any other element of a crime, constructive possession may be proven by circumstantial evidence. ***Commonwealth v. Macolino***, 503 Pa. 201, 469 A.2d 132 (1983). The requisite knowledge and intent may be inferred from the totality of the circumstances. ***Commonwealth v. Thompson***, 286 Pa.Super. 31, 428 A.2d 223 (1981).

***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa.Super. 1996), ***appeal denied***, 692 A.2d 563 (Pa. 1997).

Appellant asserts that the evidence was insufficient to prove beyond a reasonable doubt that appellant possessed the firearm found in the Vehicle. Appellant further asserts that the only evidence linking appellant to the firearm was his presence in the Vehicle when it was found. Although the trial court found that appellant had constructive possession of the firearm, appellant argues that the Commonwealth failed to prove that he had the power to control the firearm and the intent to exercise that control over the firearm.

The trial court relied upon ***Commonwealth v. Hopkins***, 67 A.3d 817 (Pa.Super. 2013), ***appeal denied***, 78 A.3d 1090 (Pa. 2013), in making its determination that appellant had constructive possession over the firearm. In ***Hopkins***, Detective Jason Moss ("Detective Moss"), a detective with the City of Pittsburgh Police Department, observed an individual pacing around a grocery store parking lot and making telephone calls on a cellular phone. Detective Moss recognized the individual as a drug user from a previous

encounter approximately one month before. Detective Moss saw the man walk to the side of a building and then begin counting his money. A car pulled up on a side street and parked against traffic under a "No Parking" sign. Detective Moss contacted his partners. When they approached the vehicle, the known drug user turned away from the vehicle and fled. A juvenile inside the vehicle threw a brick of heroin to the floor of the car and was arrested. One of the detectives, Detective Higgins, approached the vehicle and observed a loaded Smith & Wesson 0.38 caliber firearm between the front console and the seat where the juvenile was sitting. Detective Mark Goob ("Detective Goob") approached the vehicle on the driver's side and saw William Hopkins ("Hopkins"), the driver, begin to reach down between the console and the driver's seat and push his hand down into that area. Detective Goob ordered Hopkins out of the vehicle. Hopkins was arrested and charged with person not to possess a firearm, 18 Pa.C.S.A. § 6105(a)(1), and carrying a firearm without a license, 18 Pa.C.S.A. § 6106(a)(1), as well as two drug charges and one summary traffic violation. He was found guilty on all counts. *Hopkins*, 67 A.3d at 818-819.

One of the issues raised on appeal to this court was whether there was sufficient evidence to establish that he had constructive possession of the heroin and the firearm. *Id.* at 820.

This court determined there was sufficient evidence:

> When viewed in their totality, the facts and circumstances support the finding that [Hopkins] was

- 7 -

in constructive possession of the contraband and the weapon. Minutes after a known drug user was observed making a cell phone call, pacing in a vacant lot, and counting money, [Hopkins] drove his vehicle the wrong way into a dark side street. As the police approached, the known drug user fled. When the transaction was thwarted, Detective Goob, a ten year veteran of the narcotics unit, observed [Hopkins] attempt to hide two bricks of heroin in the space between the driver's seat and the center console of the vehicle he was driving. The detective also observed [the juvenile] throw a brick of heroin onto the floor of the vehicle. The firearm was found within arms-length of where [Hopkins] was seated. Additionally, upon arrest, [Hopkins] was found with two cell phones and $361 in cash; the juvenile had no money on his person. [Hopkins] is entitled to no relief.

*Id.* at 821.

With respect to whether appellant constructively possessed the firearm, this court must view the facts in the light most favorable to the Commonwealth, the verdict winner. **Thomas**. Further, this court noted in **Commonwealth v. Flythe**, 417 A.2d 633, 634 (Pa.Super. 1979), "[i]t strains the imagination to believe that defendant innocently entered this vehicle having no knowledge of the items found therein when, the pistol at least, was within a few inches of him and a portion of it was in plain view."

Although the circumstances were somewhat different from **Hopkins**, an examination of the totality of the circumstances as in **Hopkins** supports the trial court's determination that appellant had constructive possession of the firearm. While he did not own the vehicle, he used it to operate a jitney. The firearm was located in the vehicle next to the center console, very close

to where appellant was sitting in the driver's seat. The trial court found that the firearm was situated in such a way that it would be easier for appellant to reach than Richardson. Also, it is well-settled law that more than one person may have constructive possession over contraband. The fact that Richardson may also have had constructive possession over the firearm did not mean that appellant could not also have constructive possession. In addition, as in *Hopkins*, the firearm was in plain view from outside the vehicle. Although the lack of DNA evidence did not support a finding of possession, the fact-finder concluded that the other facts supported the finding of constructive possession. The trier-of-fact, the trial court here, bears the responsibility of weighing the evidence presented and is free to believe all, part, or none of the evidence. *Commonwealth v. Newton*, 994 A.2d 1127, 1131 (Pa.Super. 2010), *appeal denied*, 8 A.3d 898 (Pa. 2010). This court finds no error.

Judgment of sentence affirmed.


Shogan, J. joins the Memorandum.

Bender, P.J.E. files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2016