J. S12032/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BRIAN D. LACHMAN, | : | No. 1578 MDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, September 19, 2017,
in the Court of Common Pleas of Berks County
Criminal Division at No. CP-06-CR-0003799-2016

BEFORE:  LAZARUS, J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 03, 2018**

Brian D. Lachman appeals from the September 19, 2017 judgment of sentence in which the Court of Common Pleas of Berks County sentenced appellant to serve 5 to 10 years[1] for his conviction of persons not to possess, use, manufacture, control, sell, or transfer firearms.[2]  After careful review, we affirm.

The trial court summarized the relevant facts, as follows:

> On June 17, 2016, Berks County police officers executed a search warrant at 1315 Green Hills Road, Birdsboro, Berks County, Pennsylvania (hereinafter referred to as "the Residence").  Entry was made into the Residence and [a]ppellant was located in the first floor bathroom.  Appellant and his wife were taken into the kitchen area on the first floor of the

---

[1] Appellant received credit for 444 days of time served.

[2] 18 Pa.C.S.A. § 6105(a)(1).

Residence. They were both read their **Miranda**[3] rights and waived those rights. Officers entered and searched the second floor bedroom of the Residence belonging to [a]ppellant and his wife. As a result of the search, officers located a loaded Jiminez nine millimeter pistol on [a]ppellant's side of the bedroom. A .22 caliber rifle was also located within the bedroom. Police officers proceeded to search an additional room on the second floor and located a loaded H & R single shot twelve gauge shotgun between the outside wall and inner wall of the closet. Shotgun shells were also located inside of the additional room. Appellant admitted that the Jimenez pistol belonged to him and that he was going to obtain money in exchange for the pistol. Appellant has a prior conviction for delivery of a controlled substance from August 13, 2004. Appellant was not permitted to possess, own or be in control of a firearm.

Trial court opinion, 11/20/17 at 2-3 (citations to record omitted).

On September 27, 2017, appellant filed a post-sentence motion for a new trial. The trial court denied the motion on September 29, 2017. On October 13, 2017, appellant filed a notice of appeal. On October 18, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On October 19, 2017, appellant complied with the order. On November 20, 2017, the trial court filed its opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following issue for this court's review:

Did the trial court err when it failed to instruct the jury as to Standard Jury Charge (Crim) 16.02(b)(A) Controlled Substance, "Possession" [d]efined as requested by [appellant] and instead relying on a

---

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

one sentence instruction as part of a larger instruction as to the enumerated offense in Standard Jury Charge 15.6105 (Crim), despite the fact that the definition of possession is not crime specific and was therefore a correct statement of the law and the main factual issue at hand for the jury to determine was whether [appellant] was in possession of the weapons found in a home where he was arrested but denied residency as opposed to being found on his person[?]

Appellant's brief at 4 (footnotes omitted).

We review a challenge to a jury instruction for an abuse of discretion or an error of law. ***Commonwealth v. Brown***, 911 A.2d 576, 582-83 (Pa.Super. 2006). We must consider the charge as a whole, rather than isolated fragments. ***See*** [***Commonwealth v.***] ***Lesko***, 15 A.3d [345], 397 [Pa. 2011]; ***Commonwealth v. Simpson***, 620 Pa. 60, 66 A.3d 253, 274 (2013). We examine the entire instruction "against the background of all evidence presented, to determine whether error was committed." ***Commonwealth v. Grimes***, 982 A.2d 559, 564 (Pa.Super. 2009) (quoting ***Buckley v. Exodus Transit & Storage Corp.***, 744 A.2d 298, 305 (Pa.Super. 1999)). "A jury charge is erroneous if the charge as a whole is inadequate, unclear, or has a tendency to mislead or confuse the jury rather than clarify a material issue." ***Id.*** (quoting ***Buckley***, 744 A.2d at 305). "Therefore, a charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said." ***Id.*** (quoting ***Buckley***, 744 A.2d at 305-06). Furthermore, "[o]ur trial courts are invested with broad discretion in crafting jury instructions, and such instructions will be upheld so long as they clearly and accurately present the law to the jury for its consideration." ***Simpson***, 66 A.3d at 274. "The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the [a]ppellant was prejudiced by

that refusal." ***Commonwealth v. Thomas***, 904 A.2d 964, 970 (Pa.Super. 2006).

***Commonwealth v. Rush***, 162 A.3d 530, 540 (Pa.Super. 2017), ***appeal denied***, 170 A.3d 1049 (Pa. 2017).

Appellant contends that because he denied that he was a resident of 1315 Green Hills Road, his presence in the downstairs bathroom at the time of police entry did not show that he had the intent and power to control the weapons found on the second floor. He argues that the trial court should have instructed the jury fully on the issue of constructive possession and what it means to have intent and power to control. (Appellant's brief at 8-9.)

With respect to constructive possession, this court has held:

> When contraband is not found on the defendant's person, the Commonwealth must establish "constructive possession," that is, the power to control the contraband and the intent to exercise that control. ***Commonwealth v. Valette***, 531 Pa. 384, 613 A.2d 548 (1992). The fact that another person may also have control and access does not eliminate the defendant's constructive possession . . . . As with any other element of a crime, constructive possession may be proven by circumstantial evidence. ***Commonwealth v. Macolino***, 503 Pa. 201, 469 A.2d 132 (1983). The requisite knowledge and intent may be inferred from the totality of the circumstances. ***Commonwealth v. Thompson***, 286 Pa.Super. 31, 428 A.2d 223 (1981).

***Commonwealth v. Haskins***, 677 A.2d 328, 330 (Pa.Super. 1996), ***appeal denied***, 692 A.2d 563 (Pa. 1997).

Here, the trial court explained that the parties stipulated that appellant had a prior conviction that prevented him from possessing a firearm. The trial court read from Pennsylvania Suggested Standard Jury Instruction 15.6105, "For a person to possess a firearm, he or she must have the intent to control and the power to control the firearm." (Notes of testimony, 9/19/17 at 144.) This language closely mirrors the definition of constructive possession.

Appellant requested at the start of the jury trial that the trial court instruct the jury under Pennsylvania Suggested Standard Jury Instruction (Crim) 16.02(b)(A). (Notes of testimony, 9/19/17 at 4-7.) Appellant focused on paragraphs 4-6[4] that provide:

4. A person can be guilty of possessing an item even when he or she is not holding it, touching it, or in the same area as the item. That type of possession is what the law calls constructive possession. For there to be constructive possession, it must be proved beyond a reasonable doubt that the individual had both the intent to control the item and the power to control the item.

5. In determining whether or not the defendant had possession of a controlled substance, you should consider evidence of all facts and circumstances that may shed light on the question of whether the defendant had the intent to control and the power to control that substance.

---

[4] Although this instruction pertains to drug possession, the Commonwealth conceded that possession was the same whether it was possession of a firearm or a controlled substance. (*Id.* at 147.) Appellant planned for the trial court to substitute "firearm" for "substance."

> 6. Two or more persons may have joint possession of a controlled substance and that each has the power to control it. Each of the joint possessors is regarded as having possession of the substance for purposes of the criminal law.

Pennsylvania Suggested Standard Jury Instruction (Crim) 16.02(b)(A).

While Instruction 16.02(b)(A) has a more detailed explanation of constructive possession, both instructions focus on the intent to control and the power to control. Although appellant asserts that the jury instruction he requested would have clarified the meaning of and requirements for constructive possession, the charge the trial court gave was not inadequate, unclear, or did not have a tendency to mislead the jury. Further, because Officer Matthew Smith of the Robeson Township Police Department testified that appellant admitted to him that the pistol found at the residence belonged to him (*id.* at 99), and the jury was read a clear instruction regarding constructive possession, appellant failed to establish that he suffered any prejudice from the trial court's failure to read the requested instruction. Consequently, the charge did not constitute an abuse of discretion or an error of law.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/2018