J-S65029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVON LEE BROWN | : | |
| | : | |
| Appellant | : | No. 349 MDA 2018 |

Appeal from the Judgment of Sentence, January 25, 2018,
in the Court of Common Pleas of York County,
Criminal Division at No(s):  CP-67-CR-0007401-2015.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                 **FILED FEBRUARY 10, 2020**

Davon Lee Brown appeals from the judgment of sentence entered after a jury found him guilty of firearms not to be carried without a license and possession with intent to deliver (PWID).[1]  Upon review, we affirm.

The trial court set forth a detailed summary of the testimony in this case.  Essentially, on August 14, 2015, the York City police responded to a domestic incident at 221 Green Street in the City of York.  Upon arrival, the police observed two individuals attempting to conceal themselves from the police.  The two tried to leave through the backyard, but the police stopped them near a Nissan Altima that was parked in the backyard of the residence.  Upon questioning, the police learned that neither was Brown, the suspect they

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. 6106(a) and 35 Pa.C.S.A. § 780-113(a)(1).

were looking for. They were both from York, Pennsylvania. One of them tried to dispose of a bag containing crack cocaine under the car. Upon examination, it appeared that the rock of crack cocaine had been recently placed in the baggie. The other individual had a bag of marijuana on him.

The police then found Brown inside the Green Street residence on the third floor. They searched Brown and found $3000 cash, two car keys linked together, and a rock of crack cocaine. Upon questioning, Brown initially told the police that the cash was for a down payment on a house his aunt was buying, but later changed his story and claimed that it was for his girlfriend's baby shower and mother's rent. Although he had this large amount of cash, he indicated that he did not have job. Brown also told the police that he did not smoke crack; he had no paraphernalia associated with the personal use of crack cocaine on him.

The keys found on Brown were for the Nissan Altima parked in the backyard. The car was locked, the alarm armed, and the windows up. From outside of the driver's side rear window, the police could see the butt of a pistol sticking out of the pocket on the back of the driver's seat. The pocket was open enough that they could see the barrel of the gun pointing down inside it. With the keys found on Brown, the police unlocked the car and recovered the firearm. This firearm had been reported stolen. Brown indicated that he did not know it was there.

Upon further questioning, Brown told the police that the car was his aunt's who had rented it; she lived in Harrisburg as did Brown. The police

found the lease agreement in the vehicle, which was in the aunt's name; Brown was not listed as an authorized driver.

Brown was arrested and charged.

A jury found Brown guilty of firearms not to be carried without a license, PWID, and possession of cocaine.[2]  The trial court sentenced Brown to 42 to 84 months of incarceration on the count of firearms not to be carried without a license count, and a consecutive 48 to 96 months of incarceration on the count of PWID.[3]

Brown timely appealed.  Both Brown and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Brown raises the following two issues for our consideration on appeal:

1. Was the evidence insufficient to sustain [Brown's] conviction for firearms not to be carried without a license where the Commonwealth failed to prove that [Brown] carried the firearm on his person or had constructive possession of the firearm?

2. Was the evidence insufficient to sustain [Brown's] conviction for PWID where the Commonwealth failed to prove that [Brown] possessed the requisite intent to deliver?

Brown's Brief at 2.

Both of Brown's issues relate to the sufficiency of evidence.

_____

[2] The jury found him not guilty of persons not to possess firearms and receiving stolen property.

[3] The possession count merged with the PWID count.

A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Jacoby***, 170 A.3d 1065, 1076 (Pa. 2017). When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt." ***Commonwealth v. Thomas***, 215 A.3d 36, 40 (Pa. 2019). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant." ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Commonwealth v. Brown***, 52 A.3d 320, 323 (Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." ***Commonwealth v. Vargas***, 108 A.3d 858, 867 (Pa. Super. 2014) (*en banc*). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." ***Id***.

Brown first claims that the evidence was insufficient to sustain his conviction for firearms not to be carried without a license. Specifically, he claims that the evidence was insufficient to show that he had possession,

either actual or constructive, of the firearm found in the Nissan Altima. Brown's Brief at 7-9. He was not seen in or near the car; he was not the lessee or an authorized driver of the car. He claims merely because he had the keys to the car parked outside the residence where he was staying, this was not determinative of possession of the gun. Instead, according to Brown, it was pure speculation for the jury to infer that Brown had knowledge of the firearm's location and intent to control it. Brown's Brief at 9.

18 Pa.C.S.A. § 6106(a)(1) provides:

(1) [A]ny person who carries a firearm in any vehicle . . .without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1). Brown stipulated that he did not have a license to carry a firearm. However, he disputes that the Commonwealth presented sufficient evidence to show that he had possession of the firearm.

Possession of contraband can be found by "proving actual possession, constructive possession, or joint constructive possession." ***Commonwealth v. Parrish***, 191 A.3d 31, 26 (Pa. Super. 2018), *appeal denied*, 202 A.3d 42 (Pa. 2019) (citation omitted). Where contraband is not found on a defendant's person, "the Commonwealth is required to establish that the defendant had constructive possession of the seized items to support his convictions." ***See Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa. Super. 2012).

With respect to constructive possession, this Court has noted:

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive

- 5 -

> possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (citations omitted). A necessary pre-requisite of intent to control is proof that a defendant had knowledge of the existence and location of the contraband. *Commonwealth v. Thompson*, 428 A.2d 223, 224 (Pa. Super. 1981); *Commonwealth v. Griffin*, 326 A.2d 554 (Pa. Super. 1974).

Constructive possession may be established by the totality of the circumstances. *Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (citations omitted); *see also Thompson*, *supra* (explaining that the requisite knowledge and intent may be inferred from examination of the totality of the circumstances surrounding the case). "Individually, the circumstances may not be decisive; but, in combination, they may justify an inference that the accused had both the power to control and the intent to exercise that control, which is required to prove constructive possession." *Commonwealth v. Carter*, 450 A.2d 142, 147 (Pa. Super. 1982).

Here, it is evident that Brown did not have actual possession of the firearm. However, considering the totality of the circumstances in this case, we conclude that there was sufficient evidence for the jury to find that Brown had conscious dominion of the firearm, and thus, constructive possession of it.

Following the apprehension and search of Brown, the police found two of the same key linked together for a 2015 Nissan Altima. These were the only keys for this car, as it was a rental. The car was parked in the backyard of the residence where the police found Brown. The windows to the car were rolled up; the car was locked, with the alarm armed. When the police clicked one of the keys found on Brown, the car unlocked.

Inside, the police found a firearm in the pocket on the back of the driver's seat which was in plain view. The butt of the gun was sticking out of the pocket; the pocket was open enough so that the police could see the gun pointed down into the pocket. The firearm was within arm's reach of the driver of the vehicle.

From these facts, it is evident that Brown was the only one at the time who had access to the vehicle. Although the vehicle was leased to his aunt, she was not there. Moreover, despite Brown's efforts at trial to show that the other two individuals at the scene had access to the car, and not Brown, they in fact did not have access to it. The car was locked and Brown was the only one with the keys. Considering this, Brown was the only one who could control the vehicle and access it. Consequently, Brown was the only one that had the ability to control the weapon found inside the vehicle.

Furthermore, it was reasonable for the jury to infer from this evidence that Brown had the intent to the control gun. Although Brown claimed that he was unaware of the contents of the car, the officers testified that the gun was in plain view. This Court has previously held that the location of

contraband in an area usually accessible only to a defendant may lead to the inference that he placed it there or knew of its presence if others did so. **Commonwealth v. Ferguson**, 331 A.2d 856 (Pa. Super. 1974).

Viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to sustain Brown's conviction for firearms not to be carried without license. Accordingly, Brown's first issue entitles him to no relief.

Brown next claims that the evidence presented was insufficient sustain his conviction for PWID. Specifically, he argues that the Commonwealth failed to show that he had the requisite intent to deliver; he only had a small amount of loose crack cocaine in his possession; he had no paraphernalia associated with selling crack cocaine on him; and no one observed him selling it. Brown's Brief at 10. [4]

The statute regarding possession with intent to deliver, 35 P.S. § 780-113(a)(30), prohibits:

---

[4] In its 1925(a) opinion, the trial court concluded that, because Brown had not raised this issue with the trial court, he had waived it. Trial Court Opinion, 4/23/19, at 7. We are constrained to disagree. Pennsylvania Rule of Criminal Procedure 606(A)(7) provides that a challenge to the sufficiency of evidence may be raised for the first time on appeal, as long it is included in the appellant's Pennsylvania Rule of Appellate Procedure 1925(b) statement; otherwise, it is waived. Pa.R.Crim.P. 606(A)(7); Pa.R.A.P. 1925(a)(4)(vii). Here, Brown included the sufficiency issue relating to his PWID conviction in his 1925(b) statement. Therefore, he has not waived it. We now can address the merits of this issue.

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).   In order to uphold a conviction for possession of a controlled substance with the intent to deliver, the Commonwealth must prove beyond a reasonable doubt that a defendant both possessed a controlled substance and did so with the intent to deliver it.   **Commonwealth v. Aguado**, 760 A.2d 1181, 1185 (Pa. Super. 2000).

Here, Brown concedes that he possessed crack cocaine but disputes that the evidence was sufficient to demonstrate that he had the intent to deliver it to another individual.   The intent to deliver may be inferred from an examination of the facts and circumstances surrounding the case. **Commonwealth v. Heater**, 899 A.2d 1126, 1131 (Pa. Super. 2006).   Here, considering the facts and circumstances of this case, including the expert[5] testimony offered at trial, we conclude that there was sufficient evidence for the jury to find that Brown had the intent to deliver the crack cocaine found on him to another individual to support his conviction of PWID.

Brown had a small piece of loose crack cocaine on him.  He also had no paraphernalia on him typically associated with the distribution drugs.   Such

_____

[5] The Commonwealth offered this witness as an expert regarding the manner in which narcotics are packaged and sold in York County.

factors tend to suggest that the controlled substance was for personal use, and not distribution. However, Brown admitted that he personally did not use cocaine. The expert testified that those who deal drugs, typically, are not users.

Additionally, Brown had a large amount of cash on him, but had no job. The expert at trial testified that most drug dealers do not use banks and frequently carry quantities of cash; most people do not carry large quantities of cash. Moreover, when the police inquired about it, Brown gave conflicting explanations as to why he had the cash. This, suggests consciousness of guilt. *See Commonwealth v. Cruz*, 21 A.3d 1247, 1253 (Pa. Super. 2011); *Commonwealth v. Donelly*, 653 A.2d 35, 37 (Pa. Super. 1995).

Furthermore, as discussed above, Brown also had a gun in his possession and was driving a rental car. The expert testified that drug dealers usually carry guns to protect themselves and typically use rental cars to transport drugs.

Based upon these multiple factors, when considered together, the Commonwealth's expert concluded that Brown possessed the crack cocaine found on him with the intent to deliver to another individual. We also note that one of the other individuals at the scene had a piece of crack cocaine on him.

Viewing all of this evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to sustain

Brown's conviction for PWID. Accordingly, Brown's second issue entitles him to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2020