J-S65021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AVERY RONNELL DAVID MCGRAW | : | |
| | : | |
| Appellant | : | No. 961 MDA 2018 |

Appeal from the Judgment of Sentence, April 25, 2018,
in the Court of Common Pleas of York County,
Criminal Division at No(s): CP-67-CR-0000942-2017.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED FEBRUARY 14, 2020**

Avery Ronnell David McGraw appeals from the judgment of sentence entered following a jury trial where he was convicted of multiple crimes[1] including persons not to possess firearms and firearms not to be carried without a license.[2] On appeal, McGraw only challenges the firearms convictions. Upon review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Notably, McGraw was convicted of tampering with evidence, 18 Pa.C.S.A. § 4910(1), possession of drug paraphernalia, 35 P.S. § 780-113(a)(32), intention possession of controlled substance—cocaine, 33 P.S. § 780-113(a)(16), and intention possession of a controlled substance—marijuana, 35 P.S. §780-113(a)(16).

[2] 18 Pa.C.S. §§ 6105(a)(1) and 6106 (a)(1).

The trial court set forth a detailed summary of the testimony in this case. Briefly, on January 7, 2017, around 4:00 a.m., an officer on patrol stopped a Mercury Milan in York County, Pennsylvania. Inside the vehicle, were three individuals, including McGraw, who was sitting behind the driver's seat and the only one in the back seat. Upon approaching the vehicle, the officer noticed the smell of fresh marijuana. The officer also observed what appeared to be a baggie of marijuana between McGraw's feet.

Soon after the stop, other officers arrived at the scene. While watching over the occupants of the vehicle, one of the officer's observed McGraw moving his foot towards the bag. McGraw then put his foot over the bag and started stepping on it, grinding it and pushing the bag into the carpet with his foot in an effort to destroy it. McGraw told the police that it was not marijuana but a bag of chips. Additionally, while he was doing this, McGraw kept touching his groin area. He was told several times to stop moving around, but he did not comply. McGraw was removed then from the vehicle.

During a pat down of McGraw, the officer heard a crunching noise coming from McGraw's groin area. McGraw told him it was his "dick." The officer subsequently found a large bag of marijuana in McGraw's groin area. Following another search of McGraw, a baggie of crack cocaine was found on the ground at McGraw's feet.

After McGraw was pulled from the vehicle, one of the officers immediately searched the back seat. A scale was found on the seat next to where McGraw had been sitting. Additionally, underneath the driver's seat,

an officer found a loaded firearm on the floor. About two inches of the firearm's handle was sticking out from under the seat. Based upon where McGraw had been sitting, the handle of the firearm would have been near McGraw's left foot. The police also recovered the baggie of suspected marijuana.

McGraw was arrested and charged with multiple offenses.

A jury found McGraw guilty of drug related offense, tampering with evidence, and two firearms charges including persons not to possess a firearm and firearms not to be carried without a license. On the two firearms charges, the trial court sentenced McGraw, respectively, to 60 to 120 months of incarceration, and a concurrent sentence of 48 to 84 months of incarceration. McGraw filed a post-sentence motion, which the trial court denied.

McGraw timely appealed. Both McGraw and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

McGraw raises the following single issue on appeal:

The Commonwealth failed to present sufficient evidence in order to convict [McGraw] beyond a reasonable doubt of person[s] not to possess [a] firearm and carrying firearms without a license, because the Commonwealth failed to prove [McGraw] was in constructive possession of the firearm the police found in the vehicle.

McGraw's Brief at 4 (some capitalization eliminated).

McGraw's issue relates to the sufficiency of the evidence.

A challenge to the sufficiency of the evidence presents a pure question of law and, as such, our standard of review is *de novo* and our scope of review

is plenary. **Commonwealth v. Jacoby**, 170 A.3d 1065, 1076 (Pa. 2017). When analyzing whether the evidence was sufficient to support a conviction, this Court must "view the evidence in the light most favorable to the Commonwealth as the verdict winner in order to determine whether the jury could have found every element of the crime beyond a reasonable doubt." **Commonwealth v. Thomas**, 215 A.3d 36, 40 (Pa. 2019). "The Commonwealth may sustain its burden by means of wholly circumstantial evidence, and we must evaluate the entire trial record and consider all evidence received against the defendant." **Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa. Super. 2013). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." **Commonwealth v. Brown**, 52 A.3d 320, 323 (Pa. Super. 2012). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Vargas**, 108 A.3d 858, 867 (Pa. Super. 2014) (*en banc*). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." **Id**.

McGraw claims that the evidence was insufficient to sustain his conviction for persons not to possess a firearm and firearms not to be carried without a license. Specifically, he claims that the Commonwealth failed to establish that he had constructive possession of the firearm found underneath the driver's seat of the vehicle. According to McGraw, the driver had equal

access to the firearm; the firearm could have shifted while the car was moving; it was dark at the time of the stop and McGraw could not have known what was on the floor at his feet. Thus, it was speculative for the jury to conclude that McGraw put the firearm on the floor or knew it was there. McGraw's Brief at 15.

18 Pa.C.S.A. § 6106(a)(1), firearms not to be carried without a license, provides:

> [A]ny person who carries a firearm in any vehicle . . . without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S.A. § 6106(a)(1).

18 Pa.C.S.A. § 6105(a)(1), persons not to possess firearms, provides:

> A person who has been convicted of [certain offenses listed herein], within this Commonwealth, . . . shall not possess, . . . a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1). McGraw stipulated that he did not have a license to carry a firearm, and he was a person not to possess a firearm. However, he disputes that the Commonwealth presented sufficient evidence to establish that he had possession of the firearm found in the vehicle.

Possession of contraband can be found by "proving actual possession, constructive possession, or joint constructive possession." *Commonwealth v. Parrish*, 191 A.3d 31, 26 (Pa. Super. 2018), *appeal denied*, 202 A.3d 42 (Pa. 2019) (citation omitted). Where contraband is not found on a defendant's person, "the Commonwealth is required to establish that the defendant had

constructive possession of the seized items to support his convictions." ***See***

***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa. Super. 2012). With

respect to constructive possession, this Court has noted:

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control.

***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super. 2013) (citations

omitted). A necessary pre-requisite of intent to control is proof that a

defendant had knowledge of the existence and location of the contraband.

***Commonwealth v. Thompson***, 428 A.2d 223, 224 (Pa. Super. 1981);

***Commonwealth v. Griffin***, 326 A.2d 554 (Pa. Super. 1974).

Constructive possession may be established by the totality of the

circumstances. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa. Super.

2013) (citations omitted); ***see also Thompson***, ***supra*** (explaining that the

requisite knowledge and intent may be inferred from examination of the

totality of the circumstances surrounding the case). "Individually, the

circumstances may not be decisive; but, in combination, they may justify an

inference that the accused had both the power to control and the intent to

exercise that control, which is required to prove constructive possession."

***Commonwealth v. Carter***, 450 A.2d 142, 147 (Pa. Super. 1982).

We acknowledge that the mere presence in an automobile in which a firearm is found does not establish possession of that firearm. ***Commonwealth v. Magwood***, 538 A.2d 908, 909-10 (Pa. Super. 1988). Additionally, the firearm was not found on McGraw's person. However, considering the totality of the circumstances in this case, we conclude that there was sufficient evidence for the jury to find that McGraw, and not the driver of the vehicle, had constructive possession of the firearm found in the vehicle.

Here, the facts demonstrated that McGraw had knowledge of the firearm, and thus had the intent to control it. McGraw was the sole occupant of the back seat of the vehicle where the firearm was found. The grip of the firearm was sticking out from under the driver's seat and pointed toward McGraw. Two inches of the firearm were exposed, which would have been visible to someone sitting in the back seat. Moreover, it would have been difficult for McGraw to maneuver his feet in the back without coming into contact with the firearm or realizing it was there.

Additionally, the facts showed that McGraw was the one who had the ability to control the firearm. The firearm was positioned near McGraw's feet, making it easily within McGraw's reach. It also was positioned in such a way that he could easily grab it. Where contraband has been found within the reach of a defendant, as it was here, our Court has concluded that there was sufficient evidence to find constructive possession. ***See Commonwealth v. Samuels***, 340 A.2d 880 (Pa. Super. 1975).

Furthermore, McGraw's demeanor during the stop supports the conclusion that he constructively possessed the firearm. McGraw was nervous; he seemed edgy. He was not responsive to the officers' directives and was evasive about the contents of the baggie at his feet and what was in his pants. These facts suggest consciousness of guilt. ***See Commonwealth v. Cruz***, 21 A.3d 1247, 1253 (Pa. Super. 2011); ***Commonwealth v. Donelly***, 653 A.2d 35, 37 (Pa. Super. 1995).

Thus, viewing the evidence in the light most favorable to the Commonwealth, we conclude that there was sufficient evidence to sustain McGraw's convictions for persons not to possess a firearm and for firearms not to be carried without a license. Accordingly, McGraw is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/14/2020

- 8 -