**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Leonard D. ZOOK, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 13, 2004.

Filed May 19, 2004.

 

Christopher M. Patterson, Lancaster, for appellant.

Christopher J. Lechner, Asst. Dist. Atty., Lancaster, for Com., appellee.

BEFORE: STEVENS, PANELLA, and OLSZEWSKI, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Lancaster County following Appellant's conviction on one count of possession of marijuana.[1] We affirm.

¶ 2 The record reveals that Appellant's conviction stemmed from a October 28, 2002, traffic stop in Lancaster. N.T. 6/4/03 at 5–7. At approximately 2:00 a.m., Officer Roache observed a car, in which Appellant was the passenger, being driven in an erratic manner and ultimately rolling through a stop sign. N.T. 6/4/03 at 5–10. Officer Roache approached the vehicle and asked the driver, Arlene Fontanez, for her license, registration, and insurance verification. N.T. 6/4/03 at 6–10. Ms. Fontanez was unable to produce her license and a check of her name indicated that her driver's license was suspended. N.T. 6/4/03 at 11–15. While Officer Roache was verifying this information, another police officer, Officer Nauman, arrived on the scene. N.T. 6/4/03 at 6.

¶ 3 The officers determined that the car should be moved because it was stopped in the middle of the road. N.T. 6/4/03 at 6–7. Appellant stated that he was intoxicated and gave permission for Officer Nauman to move the car.[2] N.T. 6/4/03 at 19. When Officer Nauman entered the car, he observed a small plastic baggie of the type commonly used for packaging drugs in the driver-side armrest, as well as many marijuana seeds on the floor. N.T. 6/4/03 at

19. After a discussion with Officer Roache, the officers decided to conduct a pat down search. N.T. 6/4/03 at 19–21. Prior to conducting the pat down of Appellant, Officer Nauman asked him if he had anything on him that might cut the Officer or anything that Officer Nauman should know about. N.T. 6/4/03 at 21. Appellant then informed Officer Nauman that he had a bag of marijuana in his sock and handed the bag to Officer Nauman. N.T. 6/4/03 at 21.

¶ 4 On June 4, 2003, the trial court heard, and denied, Appellant's motion to suppress his statement to the police, and the marijuana seized by the police. The matter immediately proceeded to a bench trial and Appellant was found guilty of possession of marijuana. Appellant was sentenced to thirty days probation and fined $100.00. Appellant filed a timely notice of appeal, and he was ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Accordingly, Appellant filed his 1925(b) statement, and the trial court subsequently issued its opinion.

¶ 5 On appeal, Appellant argues that the trial court erred in denying his motion to suppress the marijuana seized by the police because the police lacked probable cause to stop the vehicle and lacked probable cause to conduct the pat down search.[3] For the reasons discussed below, we affirm.

In reviewing the denial of a motion to suppress, our responsibility is to determine whether the record supports the suppression court's factual findings and the legitimacy of the inferences and legal conclusions drawn from those findings. If the suppression court held for

---

1. 35 P.S. § 780–113(a)(31)(i).

2. The car was registered in Appellant's mother's name. N.T. 6/4/03 at 5–7.

3. On appeal, Appellant has abandoned a claim, which was raised in his 1925(b) statement, that the trial court erred by failing to suppress his statements to the police.

the prosecution, we consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. When the factual findings of the suppression court are supported by the evidence, the appellate court may reverse if there is an error in the legal conclusions drawn from those factual findings.

*Commonwealth v. Lopez*, 415 Pa.Super. 252, 609 A.2d 177, 178–79 (1992) (citation omitted).

■ ¶ 6 Appellant first argues that the police lacked probable cause to stop the vehicle. The Pennsylvania Supreme Court has held that, in order to stop a vehicle, the police must have probable cause or reasonable and articulable grounds to believe that the driver has violated a provision of the Motor Vehicle Code. *Commonwealth v. Gleason*, 567 Pa. 111, 121, 785 A.2d 983, 988 (2001). In the instant matter, Officer Roache testified that he first noticed the vehicle because it was being driven in an erratic manner, stalling and bucking forwards and backwards. N.T. 6/4/03 at 5–6. He stopped the vehicle after he observed the vehicle roll through a stop sign. N.T. 6/4/03 at 5–6. This constituted an apparent violation of 75 Pa.C.S.A. § 3323(b). Thus, there is ample support for the trial court's holding that the police had probable cause to stop the vehicle.

■ ¶ 7 Appellant next argues that the police lacked reasonable suspicion to detain and search him. In order to justify a warrantless investigatory stop, the police must have reasonable suspicion that criminal activity is afoot. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (recognizing reasonable suspicion exception to the Fourth Amendment's warrant requirement); *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969) (recognizing reasonable suspicion excep-

tion in cases arising under Article 1 § 8 of the Pennsylvania Constitution). "In determining whether an officer acted according to reasonable suspicion, due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to specific inferences he is entitled to draw from the facts in light of his experience." *Commonwealth v. Cook*, 558 Pa. 50, 57, 735 A.2d 673, 676 (1999) (quoting *Terry*, 392 U.S. at 27, 88 S.Ct. 1868). Additionally, if the police reasonably believe that they may be in danger, they may conduct a limited pat down search of the suspect's outer garments for weapons. *Ybarra v. Illinois*, 444 U.S. 85, 92–93, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). An officer may conduct a *Terry* frisk of a suspect's clothing for weapons if "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Commonwealth v. E.M.*, 558 Pa. 16, 27, 735 A.2d 654, 660 (1999) (quoting *Terry*, 392 U.S. at 27, 88 S.Ct. 1868). Thus, before the police may briefly detain a person, there must be reasonable suspicion of criminal conduct, and, before the police may pat down for weapons, there must be a reasonable belief that the suspect is presently armed and dangerous.

¶ 8 Here, we have already held that police had probable cause to stop the vehicle because of the traffic violation. Thus, the question becomes whether there was reasonable cause for further detention. We find that such cause existed.

¶ 9 The vehicle was stopped in the early morning hours in a high-crime area which was known for drug activity. N.T. 6/4/03 at 5–7. Immediately following the stop of the vehicle, Officer Roache discovered that the driver, Ms. Fontanez, was unable to produce a driver's license as her license was suspended, N.T. 6/4/03 at 5–6, and that, based upon his own statements, Appellant was too intoxicated to drive. N.T.

6/4/03 at 7. Thus, at the time of the stop, neither person was legally able to drive the vehicle. Accordingly, with Appellant's permission, Officer Nauman moved the car and discovered an empty baggie of a type that he had only seen used in drug dealing and many marijuana seeds scattered over the floor of the car. N.T. 6/4/03 at 19–21. Given these circumstances, there was certainly reasonable suspicion of criminal activity. Thus, the trial court correctly held that the detention was lawful under *Terry*.

¶ 10 We further find that the police possessed a reasonable belief that Appellant might be armed and dangerous given the entirely rational belief that Appellant and Ms. Fontanez allegedly possessed illegal narcotics. *See Commonwealth v. Lateef,* 446 Pa.Super. 640, 667 A.2d 1158, 1161 (1995) (holding that a *Terry* frisk was lawful based upon information that the suspects were in possession of cocaine); *Commonwealth v. Patterson,* 405 Pa.Super. 17, 591 A.2d 1075 (1991) (taking judicial notice of the danger and violence inherent in the possession and distribution of illegal narcotics). Further, given the evidence that Appellant and Ms. Fontanez were in possession of illegal drugs, the police also had a reasonable concern that they might be in possession of needles and syringes. *Commonwealth v. Kondash,* 808 A.2d 943, 948 (Pa.Super.2002) (holding that a pat down of a properly detained drug user to search for needle possession was reasonable to promote officer safety). Thus, we find that the trial court did not err in finding that the *Terry* detention and frisk were lawful.

¶ 11 For all of the foregoing reasons, we affirm the trial court's judgment of sentence.

¶ 12 Affirmed.