**Commonwealth v. Leininger**

C.P. of Berks County, no. 1630/10.

*Colin R. Boyer,* *assistant* *district* *attorney,* for Commonwealth at trial.

*Alisa R. Hobart, assistant district attorney,* for Commonwealth on appeal.

*John D. Bucolo,* for defendant.

BOCCABELLA, *J.,* November 17, 2010—On July 30, 2010, this court presided over an omnibus pretrial hearing concerning the defendant in the instant case. On September 13, 2010 this court granted the defendant's motion for suppression of evidence.

On October 13, 2010, the Commonwealth, by and through counsel Alisa R. Hobart, Esquire, filed a notice of appeal to the Superior Court of Pennsylvania. On October 19, 2010, this court ordered the Commonwealth as appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania rule of appellate procedure 1925. On October 25, 2010, the Commonwealth filed its concise statement. The following issue has been set forth for appellate review:

1. Whether the trial court erred in suppressing evidence obtained as a result of a lawful traffic stop supported by reasonable suspicion that the defendant violated a provision of the motor vehicle code based upon information received from another police officer who observed the violation.

## FACTUAL SUMMARY

Both parties have stipulated to the facts as stated in the affidavit for probable cause and paragraphs seven (7) to nine (9) in the defendant's omnibus pretrial motion:

On January 24, 2009 at approximately 1:59 a.m., Sergeant Leon Grim and Officer Peter J. Purcell of the Wyomissing Borough Police Department were on a traffic stop in the 1200 block of Penn Avenue when they observed a black car with a vanity license plate that said AJMOBLE traveling westbound without its lights on. Sergeant Grim notified the Spring Township Police Department of the vehicle and requested that they stop the vehicle if it is seen. Officer Purcell stated that the vehicle was not pursued since he and Sergeant Grim were conducting another traffic stop and that the vehicle was heading towards Spring Township.

A few moments later, Sergeant Grim and Officer Purcell were notified by Officer Forina of the Spring Township Police Department that he had stopped the reported vehicle on Penn Avenue, just before Woodside Avenue and that the vehicle had its lights on. Officer Purcell left the traffic stop at approximately 2:07 a.m., and arrived on location with Officer Forina.

## DISCUSSION

The Commonwealth's appeal presents the sole issue of whether Officer Forina had reasonable suspicion that a violation of the motor vehicle code was occurring. " 'The appellate standard of review of suppression rulings is well-settled. This court is bound by those of the suppression court's factual findings which find support in the record, but we are not bound by the court's conclusions of law.' *Commonwealth v. Millner*, 585 Pa. 237, 246, 888 A.2d 680, 685 (2005). *See also Commonwealth v. Booze*, 953 A.2d 1263, 1268-69 (Pa. Super. 2008) ("Where the record supports findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.")." *Commonwealth v. Bostick*, 958 A.2d 543, 550 (Pa. Super. 2008). This court, as fact-finder, is "entitled to believe all, part, or none of the evidence presented." *Commonwealth v. Santiago*, 980 A.2d 659, 664 (Pa. Super. 2009); *See also Commonwealth v. Fahy*, 512 Pa. 298, 516 A.2d 689 (Pa. 1986); *See also Commonwealth v. Costa-Hernandez*, 802 A.2d 671,675 (Pa. Super. 2002). Thus, this court is free to weigh the credibility of the witnesses. *See Commonwealth v. Quiles*, 619 A.2d 291, 292 (Pa. Super. 1993) citing *Commonwealth v. Smith*, 577 A.2d 1387, 1388 (Pa. Super. 1990).

Section 6308(b) of the motor vehicle code provides:

> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b) (emphasis added).

"[W]hen an officer has reasonable suspicion a violation of the vehicle code is occurring or has occurred, he may interrupt the privileged operation of a vehicle on the public highways and stop the vehicle for the investigative purposes stated therein." *Commonwealth v. Chase*, 599 Pa. 80, 88, 960 A.2d 108, 112 (Pa. 2008). "To establish grounds for 'reasonable suspicion'...the officer must articulate specific observations which, in conjunction with reasonable inferences derived from these observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and the person he stopped was involved in that activity." *Commonwealth v. Little*, 903 A.2d 1269, 1272 (Pa. Super. 2006) citing *Commonwealth v. Bennet*, 827 A.2d 469, 477 (Pa. Super. 2003) (citing *Commonwealth v. Cook*, 558, Pa. 50, 61, 735 A.2d 673, 676 (Pa. 1999)).

A determination of whether reasonable suspicion exists is based on the totality of the circumstances. In the Interest of D.M., 566 Pa. 495, 449, 781 A.2d 1161, 1163 (Pa. 2001) citing *United States v. Cortez*, 449 U.S. 411, 417 (1981). In making this determination, we must give "due

weight...to the specific reasonable inferences [the police officer] is entitled to draw from the facts in light of his experience." *Commonwealth v. Cook*, 558 Pa. 50, 57, 735 A.2d 673, 676 (Pa.1999) quoting *Terry v. Ohio*, 392 U.S. 1, 27 (Pa. 1968). Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, "[e]ven a combination of innocent facts, when taken together, may warrant further investigation by the police officer." *Commonwealth v. Cook*, 735 A.2d 673, 676 (Pa.1999) quoting *Terry v. Ohio,* 392 U.S. 1, 22 (1968). "Reasonable suspicion sufficient to stop a motorist must be viewed from the standpoint of an objectively reasonable police officer." *Commonwealth v. Chase*, 599 Pa. 80, 101, 960 A.2d 108, 120 (Pa. 2008) citing *Ornelas v. United States*, 517 U.S. 690, 696 (Pa. 1996).

To have reasonable suspicion, police officers need not personally observe the illegal or suspicious conduct. *Commonwealth v. Lohr*, 715 A.2d 459 (Pa. Super. 1998) citing *Commonwealth v. Wright*, 672 A.2d 826, 830 (Pa. Super. 1996). An identified caller, like a known police officer, is considered more reliable than an anonymous caller. *Commonwealth v. Spencer*, 888 A.2d 827 (Pa. Super. 2005). For an officer to make a valid stop, "someone in the police department must possess sufficient information to give rise to reasonable suspicion." *Commonwealth v. Barber*, 889 A.2d 587, 594 (Pa. Super. 2005) citing *Commonwealth v. Wiley*, 858 A.2d 1191, 1197 n.4 (Pa. Super. 2004). The officer, usually the dispatcher, "need not convey all of this background information to the officer who actually effectuates the stop." *Commonwealth v. Barber*, 889 A.2d 587, 594 (Pa. Super. 2005) citing *Commonwealth v. Wiley*, 858 A.2d 1191, 1197 n.4 (Pa.

Super. 2004).

When dealing with a known third party, the information provided must be specific enough to support a stop. *Commonwealth v. Barber*, 889 A.2d 587, 593-94 (Pa. Super. 2005) citing *Commonwealth v. Korenkiewicz*, 743 A.2d 958, 964 (Pa. Super. 1999) (en banc). "Both quantity and quality of information are to be considered when assessing whether a stop is justified." *Commonwealth v. Anthony*, 977 A.2d 1182, 1187 (Pa. Super. 2009) quoting *Commonwealth v. Albert*, 767 A.2d 549, 552 (Pa. Super. 2001).

In this case, Sergeant Grim and Officer Purcell observed the defendant's black car with a vanity license plate that said AJMOBLE pass them without its lights on while they were conducting a traffic stop. *See* affidavit of probable cause, filed April 29, 2010. p. 1; *See also* defendant's omnibus pretrial motion, filed June 22,2010, p. 2. Sergeant Grim notified the Spring Township Police Department of the vehicle's direction of travel and requested that they stop the vehicle if it was seen. *Id.* Within minutes, Officer Forina observed a vehicle that matched the description in the dispatch but the vehicle's lights were on. *Id.* He initiated a vehicle stop. *Id.*

This court notes that there was no evidence describing the tip, a description of how long the lights were off, what the lighting in the area was where the car was seen driving without its lights on, or if there were any other circumstances indicating criminal activity. Based on this lack of testimony, this court, as fact finder, finds that there was no reasonable suspicion that criminal activity was afoot. This court finds that seeing a vehicle's lights off momentarily at night, without more testimony regarding the circumstances does

not constitute reasonable suspicion. A so-called educated guess or hunch does not constitute reasonable suspicion and should never be treated as such; nor do the facts here justify further investigation. *See Commonwealth v. Bailey,* 947 A.2d 808, 812 (Pa. Super. 2008); See *Commonwealth v. Zook,* 851 A.2d 178,181 (Pa. Super. 2004) (emphasis supplied). If a stop such as this is found valid, there will no longer be any threshold for police to effectuate a stop; they will be able to stop any vehicle at any time for any perceived violation. The tip from Sergeant Grim should be viewed akin to a heads-up, expressing that if the vehicle continues to travel with its lights off, that a further investigation would be prudent. As such, this court finds that under the totality of the circumstances, Officer Forina did not have any reasonable suspicion of criminal activity, and that neither did Sergeant Grim or Officer Purcell have such reasonable suspicion. Consequently, the stop was not based on reasonable suspicion and was violative of the defendant's Constitutional rights.

For the foregoing reasons this court respectfully requests that the Commonwealth's appeal be denied.