J-S51019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. BALAS, II | : | |
| | : | |
| Appellant | : | No. 63 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 10, 2018
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0002821-2015

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:               **FILED OCTOBER 08, 2019**

Appellant, Michael J. Balas, II, appeals from the judgment of sentence entered in the Luzerne County Court of Common Pleas, following his jury trial convictions for possession with intent to deliver ("PWID"—cocaine), possession of a controlled substance (cocaine), possession of drug paraphernalia, and driving under the influence of a controlled substance (marijuana), and a bench conviction for driving while operating privilege was suspended.[1]  We vacate the sentence for possession of cocaine and affirm the judgment of sentence in all other respects.

In its opinions, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to

---

[1] 35 P.S. §§ 780-113(a)(30), (a)(16), (a)(32); 75 Pa.C.S.A. §§ 3802(d)(3), 1543(b)(1), respectively.

restate them.

Appellant raises the following issue for our review:

DID THE TRIAL COURT ERR IN REFUSING TO SUPPRESS ALL EVIDENCE COLLECTED BY INVESTIGATORS TO PROSECUTE [APPELLANT] WHERE THE COMMONWEALTH POSSESSED INSUFFICIENT FACTS TO ESTABLISH PROBABLE CAUSE AND REASON TO CONDUCT A WARRANTLESS SEARCH OF A MOTOR VEHICLE AND ITS CONTENT?

(Appellant's Brief at 2).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Michael T. Vough, we conclude Appellant's issue merits no relief. The trial court opinions comprehensively discuss and properly dispose of the question presented. (*See* Rule 1925(a) Court Opinion, filed March 1, 2019, at 2-3 unpaginated) (incorporating suppression court opinion into Rule 1925(a) opinion). (*See also* Suppression Court Opinion, filed May 3, 2018, at 3-6 unpaginated) (finding: Trooper Golla had probable cause to stop vehicle based on suspended registration; Trooper Golla had probable cause to search vehicle based on detection of marijuana odor from inside vehicle; probable cause to search vehicle without warrant included any container where contraband could be concealed; all evidence seized by police was admissible at trial). The record supports the trial court's decision. Accordingly, we affirm as to Appellant's suppression issue on the basis of the trial court opinions.

Nevertheless, whether crimes merge for sentencing purposes implicates the legality of the sentence, which this Court can raise *sua sponte*.

- 2 -

*Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa.Super. 2013).

Therefore, our standard of review is *de novo* and our scope of review is

plenary. *Id.* Merger of sentences is governed generally by Section 9765 of

the Sentencing Code, which provides:

> **§ 9765. Merger of sentences**
>
> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "[T]he language of the legislature is clear. The only

way two crimes merge for sentencing is if **all** elements of the lesser offense

are included within the greater offense." *Commonwealth v. Coppedge*, 984

A.2d 562, 564 (Pa.Super. 2009) (stating cases decided before effective date

of Section 9765 are not instructive in merger analysis; relevant question in

merger analysis now is whether person can commit one crime without also

committing other crime, regardless of whether facts of particular case

comprise both crimes; if elements of crimes differ, *i.e.*, if one offense can be

committed without committing other offense, crimes do not merge under

legislative mandate of Section 9765) (emphasis in original). When arising out

of a single sale or act, the offenses of possession and PWID of the same

contraband can merge for sentencing purposes. *Commonwealth v.*

*Edwards*, 449 A.2d 38, 39 (Pa.Super. 1982).

Instantly, the court sentenced Appellant on count 2 (PWID—cocaine) to

60 to 120 months' imprisonment. The court also sentenced Appellant on count 3 (possession of the same contraband—cocaine) to 3 to 6 months' imprisonment, which the court imposed to run concurrently to count 2. Both convictions, however, arose out of a single act related to the same contraband, as Appellant's possession of the cocaine was with the intent to deliver it. Thus, possession of cocaine in this case was a lesser included offense of PWID (cocaine), and the court should have merged these convictions for sentencing purposes. **See id.**; 42 Pa.C.S.A. § 9765. Therefore, the court erred when it sentenced Appellant separately on the conviction for possession of cocaine. Accordingly, we vacate that portion of the judgment of sentence of 3 to 6 months' imprisonment on count 3 for possession of cocaine and affirm the judgment of sentence in all other respects.[2]

Judgment of sentence affirmed in part and vacated in part.

---

[2] We do not need to remand this case for resentencing because we vacated a concurrent sentence for possession of cocaine, and our decision does not disturb the overall sentencing scheme. **See Commonwealth v. Thur**, 906 A.2d 552, 570 (Pa.Super. 2006), *appeal denied*, 596 Pa. 745, 946 A.2d 687 (2008) (stating vacation of concurrent sentence, which does not disturb sentencing scheme or aggregate length of sentence, does not require remand for resentencing).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2019

# THE COURT OF COMMON PLEAS
# OF LUZERNE COUNTY

COMMONWEALTH OF PENNSYLVANIA :
                                             :

v.                                           :        CRIMINAL DIVISION

                                             :

MICHAEL J. BALAS, II,                 :        NO: 2821 OF 2015

## OPINION PURSUANT TO RULE 1925(a)(1)

BY THE HONORABLE MICHAEL T. VOUGH

This matter arises from an information filed by the Luzerne County District Attorney against Defendant, Michael J. Balas, II, on October 6, 2015. Defendant was charged with driving under the influence of alcohol or controlled substance, possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, driving while operating privilege is suspended or revoked, operation following suspension of registration, drivers required to be licensed, carrying and exhibiting driver's license on demand and careless driving.

On February 1, 2016, a motion to suppress evidence was filed on behalf of Defendant. Rather than have a hearing, the parties agreed to submit the transcript from the preliminary hearing held on July 27, 2015 for consideration by the court. No additional testimony or evidence was presented. On May 3, 2018, the suppression motion was denied.

A jury trial commenced on October 15, 2018. Defendant was found guilty of driving under the influence, possession with intent to deliver, possession and possession of drug paraphernalia. This Court also rendered a guilty verdict on the driving while operating privilege is suspended DUI related charge.

Sentencing took place on December 10, 2018. Defendant received a sentence of sixty to one hundred twenty months on the possession with intent charge which was to be consecutive to the sentence Defendant was serving on a separate case. He also received sixteen to thirty-two months consecutive on the DUI, three to six months consecutive on the possession of paraphernalia charge, ninety days consecutive on the driving under suspension charge and three to six months concurrent on the possession charge.

Rather than file a post-sentence motion as permitted by Pa.R.Crim.P. 720(B)(1)(a), Defendant filed a notice of appeal on January 7, 2019. An order was then issued by this Court on January 8, 2019 which required that a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) be filed by Defendant within twenty-one days.

On January 28, 2019, a preliminary concise statement was filed on behalf of Defendant along with a motion for extension of time to file concise statement because counsel had not yet received the trial transcript. Although the Defendant was given an extension until February 7, 2019, and the trial transcript was filed on February 1, 2019, counsel did not file an additional concise statement.

Defendant's preliminary concise statement raised issues concerning suppression, sufficiency of the evidence and a jury instruction. With regard to suppression, Defendant alleged error in failing to suppress evidence "where the Commonwealth possessed insufficient facts to establish probable cause and reason to conduct a warrantless search of a motor vehicle." Defendant also alleged error in refusing to suppress evidence "where the Commonwealth engaged in a warrantless search of a motor vehicle and its content."

The reasoning supporting the denial of Defendant's suppression motion is found in the findings of fact and conclusions of law attached hereto, incorporated herein, and marked Court

Attachment "A". In addressing the standard of review of the denial of a suppression motion, the Pennsylvania Supreme Court has stated:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a while. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if court's legal conclusions are erroneous.

Commonwealth v. Jones, 988 A.2d 649, 654 (Pa. 2010).

"Probable cause typically exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." Commonwealth v. Runyan, 160 A.3d 831, 837 (Pa.Super. 2017). Probable cause was established based on the detection of the odor of marijuana coming from inside the Defendant's vehicle. Once probable cause was established, a warrantless search of the vehicle was permitted. Commonwealth v. Gary, 91 A.3d 102, 138 (Pa. 2014). Defendant's issues regarding suppression are without merit.

The third issue presented by Defendant questions the sufficiency of the evidence presented in connection with Defendant's possession of illegal contraband. Defendant was convicted of three possessory offenses; possession of a controlled substance, possession with intent to deliver a controlled substance and possession of drug paraphernalia.

The standard of review for challenges to the sufficiency of the evidence requires that the record be evaluated in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Commonwealth v. Widmer,

744 A.2d 745, 751 (Pa. 2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." Commonwealth v. Brewer, 876 A.2d 1029, 1032 (Pa.Super. 2005). There is no requirement that the Commonwealth establish guilt to a mathematical certainty. Id. "The facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence." Commonwealth v. Aguado, 760 A.2d 1181, 1185 (Pa.Super. 2000). Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. Commonwealth v. DiStefano, 782 A.2d 574, 582 (Pa.Super. 2001). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." Id. "The fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence." Brewer, 876 A.2d at 1032. We may not substitute our judgment for that of the fact finder. Id. As long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld. Id. "A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution." Widmer, 744 A.2d at 751.

> "In narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband." *Commonwealth v. Thompson*, 286 Pa.Super. 31, 428 A.2d 223, 224 (1981).

> Actual possession is proven "by showing…[that the] controlled substance [was] found on the [defendant's] person." *Commonwealth v. Macolino*, 503 Pa. 201, 469 A.2d 132, 134 (1983). If the contraband is not discovered on the defendant's person, the Commonwealth may satisfy its evidentiary burden by proving that the defendant had constructive possession of the drug. *Id.*

Commonwealth v. Vargas, 108 A.3d 858, 868 (Pa.Super. 2014). Constructive possession has been defined as "the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control." Id. quoting Commonwealth v. Macolino, 469 A.2d 132, 134 (Pa. 1983).

On March 23, 2015, Pennsylvania State Police Troopers Ryan Golla and Daniel Spath performed a traffic stop on a black Mercedes sedan travelling northbound on State Route 93 in the City of Hazleton. This vehicle was being operated by the Defendant and he was the only occupant of the vehicle. N.T. 10/16/18 at 62-63. Trooper Golla testified that the contraband was located in a black bag on the passenger seat of the vehicle. Id. at 53. This was two or three feet from the Defendant. Id. at 67. With no other occupants in the vehicle, it was certainly reasonable for the jury to conclude that Defendant had constructive possession of the items. The items were within the area of Defendant's immediate control. They were also in an area over which Defendant had exclusive control. "The fact that the contraband is located in an area usually accessible only to the defendant may lead to an inference that he placed it there or knew of its presence." Commonwealth v. Haskins, 677 A.2d 328, 330 (Pa.Super. 1996). Defendant had the power to control the contraband and the intent to exercise that control. The totality of the circumstances have established Defendant's constructive possession. See Commonwealth v. Parker, 847 A.2d 745, 750 (Pa.Super. 2004). This Court has no hesitation in finding that the element of possession was proven beyond a reasonable doubt for all three possessory offenses.

Defendant's final issue alleges error or an abuse of discretion in refusing to give a constructive possession instruction to the jury.

> "[In] reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this [C]ourt to determine whether the record supports the trial court's decision." In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal.

Commonwealth v. Thomas, 904 A.2d 964, 970 (Pa.Super. 2006) (quotation and citations omitted).

With regard to possession of a controlled substance and possession with intent to deliver a controlled substance, the instruction provided to the jury essentially quoted the language contained in Section 16.01 of the Pennsylvania Suggested Standard Criminal Jury Instructions. N.T. 10/16/18 at 165-166. The jury instruction for possession of drug paraphernalia came directly from Section 16.13(a)(32) of the criminal jury instructions. Id. at 168-69. These instructions correctly reflected the law for the three possessory offenses. In addition, instruction 16.01 includes an additional element which is required to obtain a conviction for possession with intent to deliver. That element is that the defendant possessed the controlled substance with the specific intent of delivering to another. For the jury to conclude that Defendant had the specific intent to deliver the controlled substance, they had to believe he possessed it. Instruction 16.13(a)(32) provides that to possess drug paraphernalia, a person must be aware of the presence and nature of the item and have the

power and intent to control it. This instruction clearly includes language regarding the requirement that Defendant have the power and intent to control the drug paraphernalia.

The jury deliberated for twenty-four minutes, asked no questions and exhibited no confusion. In no way was the charge inadequate, unclear or misleading. Defendant was the only individual in the vehicle and the contraband was located next to him on the front passenger seat within two to three feet. N.T. 10/16/18 at 67. Defendant' request for a jury instruction on constructive possession was properly denied. His convictions and judgment of sentence should be affirmed.

BY THE COURT:

DATE: March 1, 2019

MICHAEL T. VOUGH,          J.

**IN THE COURT OF COMMON PLEAS
OF LUZERNE COUNTY**

COMMONWEALTH OF PENNSYLVANIA :

v.                                              :        CRIMINAL DIVISION
                                               :
MICHAEL BALAS                    :        NO: 2821 OF 2015

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

AND NOW, this __3__ day of May, 2018, the Court makes the following

Findings of Fact and Conclusions of Law pursuant to Pa.R.Crim.P. 581 (I):

## I.    INTRODUCTION

On February 1, 2016, a Motion to Suppress Evidence was filed on behalf of

Defendant, Michael Balas. Defendant's motion challenged the legality of the vehicle

search which occurred on March 23, 2015. A suppression hearing was scheduled for

March 27, 2018. An agreement was reached by the parties to submit the transcript from

the preliminary hearing held on July 27, 2015 for consideration by the Court. No

additional testimony or evidence was presented. These Findings of Fact and Conclusions

of Law address the issues raised on behalf of Defendant.

## II.    FINDINGS OF FACT

1.      On March 23, 2015, at approximately 1:00 a.m., Trooper Ryan Golla and

Trooper Daniel Spath were travelling north on State Route 93 in Hazleton City in an

unmarked patrol vehicle.

2.      Directly in front of the vehicle being operated by Trooper Golla was a

black Mercedes Benz sedan being operated by Defendant, Michael Balas.

3.      Trooper Golla performed a vehicle records check through PennDOT

which indicated that the registration on the black Mercedes Benz sedan was suspended due to insurance cancelation.

4. After receiving the information from PennDOT, Trooper Golla conducted a traffic stop on the black Mercedes Benz sedan due to the suspended registration.

5. Trooper Golla then approached the vehicle and made contact with the Defendant, Michael Balas.

6. As Trooper Golla spoke with Defendant, he detected an odor of an alcoholic beverage coming from the Defendant and the Defendant admitted to consuming three beers earlier in the evening.

7. Trooper Golla had prior experience with regard to the smell and detection of alcohol and marijuana.

8. After Defendant exited the vehicle, he was administered several field sobriety tests.

9. During the field sobriety tests, Defendant admitted to smoking marijuana earlier in the evening.

10. Because Defendant was unable to satisfactorily complete the field sobriety tests, he was placed under arrest for driving under the influence of alcohol or a controlled substance. Defendant was also taken into custody on an outstanding felony warrant.

11. Trooper Golla also smelled the odor of burnt marijuana on Defendant's person while he was with Defendant at the rear of Defendant's vehicle.

12. Trooper Golla and Trooper Spath both smelled the odor of burnt marijuana in the black Mercedes Benz sedan after Defendant was removed from the vehicle.

13. After smelling the odor of burnt marijuana on the Defendant's person as well as coming from inside the black Mercedes Benz sedan, a search of the vehicle was conducted by the troopers.

14. During the search of the vehicle, a glass bowl, two plastic bags, a scale and a large amount of United States currency were recovered from a large black bag which was open.

15. The two plastic bags located in the vehicle which had been operated by Defendant contained approximately 392 grams of cocaine.

16. Upon completion of the traffic stop, Defendant was charged with possession with intent to deliver a controlled substance, possession of a controlled substance, possession of drug paraphernalia, driving under the influence of alcohol or a controlled substance and five summary offenses.

17. Trooper Golla provided credible testimony at the preliminary hearing held on July 27, 2015.

### III. CONCLUSIONS OF LAW

1. In responding to a Suppression Motion filed pursuant to Pa.R.Crim.P. 581, the Commonwealth has the burden of going forward with the evidence and of establishing that the challenged evidence was not obtained in violation of the defendant's rights. Pa.R.Crim.P. 581(H).

2. The burden is on the Commonwealth to establish by a preponderance of the evidence that the challenged evidence is admissible. Commonwealth v. Anthony, 1 A.3d 914, 919 (Pa.Super. 2010).

3. The Pennsylvania Motor Vehicle Code prescribes "reasonable suspicion"

rather than "probable cause" as the threshold for a lawful traffic stop. Commonwealth v. Anthony, 1 A.3d 914, 919 (Pa.Super. 2010); 75 Pa.C.S.A. Section 6308(b).

4.      "Traffic stops based on a reasonable suspicion either of criminal activity or a violation of the Motor Vehicle Code under the authority of Section 6308(b) must serve a stated investigatory purpose." Commonwealth v. Feczko, 10 A.3d 1285, 1291 (Pa. Super, 2010).

5.      Reasonable suspicion is a less stringent standard than probable cause and requires that the totality of the circumstances must be considered before making a determination. Commonwealth v. Rogers, 849 A.2d 1185, 1189 (Pa. 2004)(citations omitted).

6.      "In determining whether an officer acted according to reasonable suspicion, due weight  must be given, not to his inchoate and unparticularized suspicion or hunch, but to specific inferences he is entitled to draw from facts in light of his experience." Commonwealth v. Zook, 851 A.2d 178, 181 (Pa.Super. 2004) citing Commonwealth v. Cook, 735 A.2d 673, 676 (Pa.1999) quoting Terry v. Ohio, 392 U.S. 1, 88 S.Ct.1868, 20 L.Ed.2d 889 (1968).

7.      If a police officer reasonably suspects that an individual is engaging in criminal conduct, he may detain that individual in order to conduct an investigation. This standard is commonly known as reasonable suspicion. Commonwealth v. Rogers, 849 A.2d 1185, 1189 (Pa. 2004) citing Commonwealth v. Cook, 735 A.2d 673, 676 (Pa. 1999).

8.      "If there is a legitimate stop for a traffic violation (based on probable cause), additional suspicion may arise before the initial stop's purpose has been fulfilled;

then, detention may be permissible to investigate the new suspicions." Commonwealth v. Chase, 960 A.2d 108, 115 n.5 (Pa. 2008).

9. "Where a vehicle stop has no investigatory purpose, the police officer must have probable cause to support it." Commonwealth v. Enick, 70 A.3d 843, 846 (Pa.Super. 2013).

10. Although not challenged by Defendant, Trooper Golla possessed probable cause to stop the vehicle being operated by Defendant for a violation of section 1371 of the Pennsylvania Vehicle Code, operation following suspension of registration.

11. "The prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required." Commonwealth v. Gary, 91 A.3d 102, 138 (Pa. 2014).

12. Trooper Golla possessed probable cause to search Defendant's vehicle based upon his detection of the odor of marijuana coming from inside the vehicle. Commonwealth v. Copeland, 955 A.2d 396, 401 (Pa.Super. 2008); Commonwealth v. Stoner, 710 A.2d 55, 59 (Pa.Super. 1998)("an odor may be sufficient to establish probable cause for a search of an automobile, which had been legitimately stopped for an unrelated vehicle code violation.")

13. Because Trooper Golla had probable cause to search Defendant's vehicle without a warrant, he was also permitted to search any container located in the vehicle where contraband could be concealed including the large black bag. See Commonwealth v. Runyan, 160 A.3d 831, 837 (Pa.Super. 2017).

14. Both the stop of the black Mercedes Benz and the subsequent seizure of the cocaine and drug paraphernalia by Trooper Golla were lawful.

15. All evidence seized by the Pennsylvania State Police as a result of the

traffic stop conducted on March 23, 2015 is admissible at trial.

BY THE COURT:

_Michael T Vough_
MICHAEL T. VOUGH,    J.